WALTER McBURGESS v. FEDERAL LIFE INSURANCE CO.

Middle Section.     July 16, 1927.

No petition for Certiorari was filed.

1. Insurance. There can be no recovery on an accident policy unless an accident within the contemplation of the policy is the proximate cause of the injury.

In an action to recover on an accident policy where the policy stipulated that the company would be liable for injuries from certain named accidents, held in order to fix liability on the insurer, an accident such as is within the contemplation of the policy must be the proximate cause of the injury for which indemnity is claimed.

2. Insurance. Doctrine of proximate cause as applied to insurance policies distinguished from its application to negligence cases.

As applied to contracts of accident insurance, the doctrine of proximate cause is clearly distinguished from its application to a case of ordinary negligence, the distinction being that in accident insurance contracts the liability is measured by the contract, and the doctrine of proximate cause is applicable only in determining whether or not an injury is caused solely by the act or accident against which the indemnity is given, while in ordinary negligence cases the proximate cause determines the existence of the liability.

3. Words and phrases. "Proximate cause," defined.

The proximate cause of an injury may, in general may be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, which had it not happened, the injury would not have been inflicted.

4. Trial. Where facts are undisputed question of proximate cause is for the court.

While ordinarily it is for the jury, or the trial judge sitting without a jury, to determine the proximate cause of an injury, yet where the facts are incontrovertible, the question of proximate or intervening cause is for the court; and upon review the appellate court is not bound by the conclusions reached in the court below.

5. Insurance. Evidence. Party injured by a jack in removing a tire held not injured in an automobile accident.

In an action to recover on an accident policy where the evidence showed that the plaintiff was injured by a jack while removing an automobile tire that had blown out and the policy covered only accidents caused by the wrecking of automobiles, held that the injury was not the result of an accident covered by the policy.

Appeal in Error from Circuit Court, Montgomery County; Hon. J. D. G. Morton, Judge.

Reversed and dismissed.

R. L. McReynolds, of Clarksville, for plaintiff in error.

A. R. Gholson, of Clarksville, for defendant in error.

DeWITT, J.   The defendant Federal Life Insurance Company has appealed in the nature of a writ of error from a judgment for

$250.86, and costs, rendered by the Circuit Judge sitting without the intervention of a jury, upon a policy of insurance issued by defendant insuring the plaintiff against injuries from accident. The amount of the judgment represents an alleged liability at $20 per week for twelve weeks, during which the plaintiff was disabled from employment. The policy was issued on May 18, 1925, and was in force and effect at the time of the injury incurred by the plaintiff, which was July 9, 1925.

The question involved in this action is whether or not the injury suffered by plaintiff was within the class of injuries included within the provisions of the policy.

The provisions of the policy in question are as follows:

"The company hereby insures Walter McBurgess, age fifty-three years, of Clarksville, Tennessee (hereinafter referred to as the insured) against death or disability resulting directly and independently of all other causes from bodily injury sustained through external violent and accidental means, subject to the limitations and conditions herein contained as follows:

"If the insured, shall, by the wrecking or disablement of any railroad passenger car or passenger steamship or steamboat, in or on which such insured is traveling as a fare-paying passenger; or by the wrecking or disablement of any public omnibus, street railway car, taxicab or automobile stage, which is being driven or operated, at the time of such disablement or wrecking, by a licensed driver plying for public hire, and in which such insured is traveling as a fare-paying passenger; or by the wrecking or disablement of any private horse drawn vehicle, or motor-driven car (excluding motorcycles or trucks) in which the insured is riding or driving, or by being accidentally thrown from such vehicle or car; or by the burning of a dwelling house, hotel, theater, office building, lodge room, club house, school building, store, church, or barn, while the insured is therein, and provided the insured is therein at the beginning of the fire and is burned by such fire, or suffocated by the smoke therefrom, but this clause shall not apply to or cover the insured while acting as a watchman, policeman, or volunteer or paid fireman, suffer any of the specific losses set forth below in this part 1, the company will pay the sum set opposite such loss."

Following this provision is the schedule of benefits to be paid respectively.

The plaintiff McBurgess, a resident of Clarksville, accepted an invitation of Mr. and Mrs. W. H. Minor, of Clarksville, to accompany them on a trip to California and return. The trip was begun on June 22, 1925. The arrangement was that plaintiff was to go with

Mr. and Mrs. Minor in Mr. Minor's automobile as a guest of Mr. Minor, all the actual expenses of the plaintiff to be paid by Mr. Minor. The plaintiff was an employee of the firm with which Mr. Minor was connected, and it apparently was understood that the plaintiff would be useful to Mr. and Mrs. Minor on the trip. While so traveling sometimes Mr. Minor would drive the car, and at other times the plaintiff would drive the car, although Mr. Minor probably did most of the driving. On the return trip as they were coming through the State of Nevada, and were thirty or thirty-five miles away from any town, there occurred a "blow out" of one of the rear tires of the car and it became necessary to change the tire before the journey could be resumed. The plaintiff was riding in the car at the time, and Mr. Minor was driving the car. They were in the desert far from any service station. Although Mr. Minor was driving he was not feeling well that day, so the plaintiff got out of the car to change the tire. In order to change the tire it was necessary to "jack up," that is, lift, the rear of the car with a jack. This the plaintiff undertook to do and in so doing by some means, the jack slipped and was thrown against the plaintiff's left arm, breaking a small bone therein. The plaintiff and his companions proceeded on their trip passing through a number of towns on their way and finally reached Montgomery county, Tennessee on or about August 1, 1925. On August 3, 1925 plaintiff notified defendant insurance company of the accident and injury, giving notice to the local agent of the company, and asking for forms on which to make proof thereof. There is no question as to the sufficiency of the notice. The plaintiff was totally disabled until November 1, 1925.

It appears that it was necessary, in order to continue the trip, for the tire to be changed when there was a blow out, and it is customary for the driver of the car to change the tire when there is a blow out.

There are four assignments of error but they all go to the single question, whether or not as aforesaid, the said injury was covered by the provisions of the policy. The issue on appeal arises over the interpretation and application of the words hereinbefore quoted:

"By the wrecking or disablement of any private horse drawn vehicle, or motor-driven car (excluding motorcycles or trucks) in which the insured is riding or driving."

There is no conflict in the evidence and we must determine whether or not the facts shown justify the application of the provision of the policy hereinbefore quoted.

It is insisted for the defendant that the policy does not include the kind of accident shown to have been sustained by the plaintiff; that the accident did not occur by the wrecking or disablement of

any motor-driven car in which the insured was riding or driving at the time the injury occurred; and that the proof fails to show such causal connection between the disablement of the car in which the insured had been riding as to justify a recovery. The contention is that the disablement of the car was not the proximate cause of the injury, and that the insured was not riding or driving in the car at the time the injury occurred. The insured was certainly riding in the car at the time of the disablement. The point of time of riding was the time of the disablement, not the time of the injury. This, in our opinion, is the proper interpretation of the language of the policy. The car was in a state of disability when the jack slipped and hurt the insured. He was engaged in performing an act made necessary by the disablement of the car. It was necessary to continued riding in the car that the tire be changed. But the question is, was the insured injured by the disablement of the car, or by an independent, intervening agency after the disablement of the car had become complete?

In order to fix liability on the insurer, an accident such as is within the contemplation of the policy must be the proximate cause of the injury for which indemnity is claimed. 1 C. J., 470, and cases cited.

As applied to contracts of accident insurance, the doctrine of proximate cause is clearly distinguished from its application to a case of ordinary negligence, the distinction being that in accident insurance contracts the liability is measured by the contract, and the doctrine of proximate cause is applicable only in determining whether or not an injury is caused solely by the act or accident against which indemnity is given, while in ordinary negligence cases the proximate cause determines the existence of the liability. Travelers Ins. Co. v. Melick, 65 Fed., 178, 27 L. R. A., 629; White v. Standard L., etc., Ins. Co., 95 Minn., 77, 103 N. W., 735, 5 Ann. Cas., 83.

In this connection the phrase, "proximate cause," means that cause which directly produces the effect, as distinguished from the remote cause, the cause which sets in motion a train of events which brings about a result without the intervention of any force operating and working actively from a new and independent source. 1 C. J., 470 and cases there cited. The case is plain where there is no intermediate efficient cause. The original happening must then be considered as reaching to the effect and proximate to it. But the question is, was there any unbroken connection between the original event and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the original event

and the injury? Even in negligence cases it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 469, 24 L. Ed., 256; Chattanooga L. & P. Co. v. Hodges, 109 Tenn., 331, 70 S. W., 616.

In Travelers' Ins. Co. v. Melick, 65 Fed. Rep., 178, 27 L. R. A., 629, it was said that the intervening cause that will prevent a recovery for a death which results from an accidental bodily injury indemnified against by contract must be a new and independent cause which interrupts the natural sequence of events, turns aside their course, prevents the natural and probable result of the original accident, and produces a different result that could not reasonably be anticipated.

If an intermediate cause disconnected from the primary event and self-operating, produced the injury, there is no liability to be based on the original event. Aetna Ins. Co. v. Boon, 95 U. S., 117, 24 L. Ed., 395. When causes are successive the last efficient cause is the proximate cause. It is only when causes are concurrent that the predominating efficient cause is the proximate cause. When one of several successive causes is sufficient to produce the effect, the law will never regard an antecedent cause of that cause, or the causa causans. Ins. Co. v. Transportation Co., 12 Wall., 194, 20 L. Ed., 378.

The definition of "proximate cause" fully approved in Tennessee is:

"The proximate cause of an injury may, in general, be stated to be that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another, which had it not happened, the injury would not have been inflicted." Fairbanks, Morse & Co. v. Gambill, 142 Tenn., 633, 222 S. W., 5; Deming v. Merchants' Cotton Press, etc., Co., 90 Tenn., 306, 17 S. W., 89, 13 L. R. A., 518.

While ordinarily it is for the jury, or the trial judge sitting without a jury, to determine the proximate cause of an injury, yet where, as in this case, the facts are incontrovertible, the question of proximate or intervening cause is for the court; and upon review the appellate court is not bound by the conclusions reached in the court below. Chattanooga L. & P. Co. v. Hodges, supra.

It is clear to the court that the cause of the injury to the plaintiff was not an act of disablement, nor a state of disability, of the car. The moving cause of the injury was the slipping of the jack. The jack was a new and independent instrument taken up for use and introduced into the situation after the disablement of the car had ceased. The slipping of the jack was not an effect of the disable-

ment of the car. It was an effect of the attempt to use the jack. The disablement of the car had merely brought about the necessity for the use of the jack. It was the causa causans to which the law will not look. It was, even then, merely the cause of the use, not of the slipping, of the jack. If the jack had not slipped, the injury would not have been produced by the disablement of the car.

We are therefore of the opinion that the injury was not due to the disablement of the car, but to a subsequent event not indemnified against under the provisions of the policy.

The function of courts is to construe, not to make or alter, contracts. The rule is universal that in case of doubt an insurance contract will be construed most strongly against the insurer, and to avoid a denial of indemnity; but where the contract is plain and the facts are clear, the court can only apply the conclusions which naturally result therefrom.

For the reasons given, the judgment of the circuit court is reversed and the suit dismissed. The costs will be adjudged against the defendant in error.

Faw, P. J., and Crownover, J., concur.