FEDERAL LIFE INS. CO. v. WHITE.
(No. 862.)

Court of Civil Appeals of Texas. Waco. Dec. 5, 1929.

Rehearing Denied Jan. 23, 1930.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellant.

Wallace, Taylor & Vickrey and John W. Wood, all of Dallas, for appellee.

STANFORD, J. This suit was by appellee against appellant to recover on an insurance policy issued by appellant to Earnest White, the son of appellee, and in which policy appellee was beneficiary. The case was tried before the court upon an agreed statement of facts. The court rendered judgment for plaintiff, appellee here, for $2,943.65; same being the amount of said policy, including statutory penalties, interest, and attorney's fees. Appellant has duly appealed, and presents the record upon one proposition, the substance of which is: The death of the insured was not sustained by the wrecking or disablement of the automobile in which he was riding.

The applicable part of the policy is as follows: "In consideration of the payment of the premium of One Dollar ($1.00), The Federal Life Insurance Company hereby does insure Earnest Leavitte White against death or disability resulting directly and independently of all other causes, from bodily injuries sustained through External, Violent and Accidental Means (subject to all limitations and conditions herein contained) for a term of twelve (12) months beginning at noon, Standard Time, of the day this policy is dated, and at the place of residence of the Insured. If the Insured shall suffer any of the Specific Losses set forth in Parts I, II, III, and IV, the Company will pay the sum set opposite such loss, if the injury causing such loss is sustained in the manner described in said parts."

Then follows part III, which is as follows: "The Company will pay for loss of life—Two Thousand Dollars—sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the Insured is riding or by being accidentally thrown therefrom. This includes persons riding in or driving automobiles or any other motor driven or horse drawn vehicles and by the wrecking of any passenger elevator (elevators in mines excepted) in which the insured is riding as a passenger."

The record contains the following agreement:

"It is agreed that assured's death occurred solely from the following causes:

"On * * * January 22, 1927 * * * White left Hanna, Wyoming, for the purpose of driving to Medicine Bow, * * * a distance of about thirty miles. * * * When he left Hanna * * * the temperature was 10 or 15 degrees below zero. * * * After progressing some 15 miles * * * the car (a new Ford coupe) became disabled * * * to such extent that it could not be operated or driven further. * * * Mr. White then abandoned the car and started out on foot. That the roadway conditions of the untraversed part of his journey were no worse than that over which he had passed. After struggling on about two miles he was overcome by exposure to the cold * * * lost consciousness, and sank down in a snow bank. * * * The following day * * * he was picked up * * * and carried to Medicine Bow. * * * He died * * * January 25, 1927. The immediate cause of his death was by freezing; that no disease or injury other than herein set out contributed to produce his death."

In its brief appellant says: "There is but one question involved in this case, which is: Was the death of the insured sustained by the wrecking or disablement of the automobile in which he was riding?"

As will be observed from the applicable parts of the policy copied above, two conditions precedent to liability must concur: First, under the general insuring clause, that death must result directly and independently of all other causes from bodily injuries sustained through external, violent, and accidental means; and, second, that death must be sustained by the disablement of a car operated by the assured. Appellant in its brief, in effect, admits that the first condition precedent to liability was met, that is, that assured's death resulted directly and independently of all other causes from bodily injuries sustained through external, violent, and accidental means; and, as stated by appellant, the only remaining question to be determined is whether the death of the assured was by the wrecking or disablement of his car. The language of the policy does not require, as a prerequisite to liability, that insured's death shall be sustained *immediately* by the disablement of his car, but requires only that it be *sustained by* the disablement of his car. Was insured's death so sustained? Appellant suggests there is a distinction between the coverage of death "sustained by" the disablement of a car, and death "resulting from" such disablement. By reference to the first or general insurance clause copied above, the appellant insured the deceased against death

or disability *"resulting* * * * from bodily injuries," etc., and immediately following the above, the following: "If the insured shall suffer any of the specific losses set forth in Parts I, II, III, and IV, the Company will pay the sum set opposite such loss, if the injury *causing* such loss is sustained in the manner described in said part." Then in part III, under which appellee claims the right to recover, the policy recites: "The Company will pay for loss of life $2000.00 *sustained by* the wrecking or disablement of a car," etc. These expressions, "resulting from," "injuries causing such loss," and "loss of life sustained by" disablement of car, all appearing in the same part of the policy and referring to the same subject-matter, to wit, compensation for the loss of life, must be construed to mean the same thing. Again, the expressions, "sustained by," "due to," "resulting from," "sustained by means of," "sustained in consequence of," "sustained through," have been held to be synonymous. Words and Phrases, vol. 8, p. 6836; Union Bank v. Forrest, 24 Fed. Cas. 559; Webster's New International Dictionary, p. 301. If it does not clearly appear that appellant used the term "sustained by" in the sense of "due to," "resulting from," "sustained by means of," "sustained in consequence of," etc., then it is at least doubtful whether appellant so used said expression, in which case it is our duty to resolve said doubt in favor of appellee. Burns v. American National Insurance Co. (Tex. Com. App.) 280 S. W. 762; Brown v. Palatine Insurance Co., 89 Tex. 590, 35 S. W. 1060; 32 C. J. 1147.

■■ Again, appellant contends the rule of proximate cause as applied in negligence actions cannot be applied in its full scope in a suit on a contract of insurance. This, we think, is true, where the policy contains provisions limiting the liability of the insurer for injuries or death, to instances where the act or accident insured against must be shown to have been the sole proximate cause of the injury or death, or some such clause. In accident insurance contracts, the liability is measured by the contract, and the doctrine of proximate cause is applicable only in determining whether or not an injury or death is caused solely by the act or accident against which indemnity is given, while in ordinary negligence cases the proximate cause determines the existence of liability. Travelers' Ins. Co. v. Melick (C. C. A.) 65 Fed. 178; White v. Standard Life & Accident Ins. Co., 95 Minn. 77, 103 N. W. 735, 5 Ann. Cas. page 83; McBurgess v. Federal Life Ins. Co., 5 Tenn. App. 284. We think clearly the controlling question here involved is: Was the disablement of the assured's car the proximate cause of his death? In the determination of this question the same rules of proximate cause, the intervention of new and independent causes, etc., apply as in any other character of

case. In the last case above cited by appellant, the court had for consideration the same provision of appellant's policy as involved here. In that case McBurgess, the assured, was driving a car when the car became disabled by reason of a blowout in a back tire, and it became necessary to change tires, and in order to do so it was necessary to jack up the rear end of the car, and in so doing by some means the jack slipped and was thrown against McBurgess' arm, fracturing same. The case was disposed of by the appellate court in an able opinion, as to whether or not the disablement of the car was the proximate cause of the injury, and said: "The question is, was there any unbroken connection between the original event and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the original event and the injury? * * * If an intermediate cause disconnected from the primary event and self-operating, produced the injury, there is no liability to be based on the original event. Aetna Ins. Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395." Judgment was rendered for the insurer, and correctly so, solely upon the ground that the disablement of the car was not the proximate cause of the injury, but the slipping of the jack, a new and independent cause, was such proximate cause. But in this case, there was no new independent cause intervened. The cold was no new and independent agency. The same condition of weather that froze the assured prevailed when he left Hanna. He, doubtless, had taken into account the cold weather before starting on the journey and was prepared to withstand the cold while riding the 30 miles in his coupe on the assumption his car would not become disabled. He did safely travel 15 miles, half the way. The untraversed part of the road to Medicine Bow was no worse than the part he had passed over. We think it clear, if his car had not become disabled, he would have safely completed the journey in a very short time. If by reason of the car becoming disabled he had received a scratch on his hand, and blood poisoning had set up, resulting in his death, appellant admits in such situation appellant would be liable. But appellant contends he received no injury by reason of the disablement of the car, but we think it reasonable, and the trial court was authorized to find, that immediately on leaving the disabled car he suffered injury in becoming cold, and in his efforts to find shelter he walked on, getting colder and colder, until he lost consciousness and sank down in a snowdrift, where he was found the next day practically frozen to death. We think the agreed statement, in effect, shows the disablement of the car was the proximate cause of the deceased's death. His death was sus-

tained immediately by freezing, but the disablement of the car caused him a long-continued exposure to the cold, and this long-continued exposure to the cold caused him to freeze to death. Clearly, we think, the disablement of the car was the sole proximate cause of the assured's death. Bryant et al. v. Continental Casualty Co., 107 Tex. 582, 182 S. W. 676, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; Ashley v. Agricultural Life Ins. Co., 241 Mich. 441, 217 N. W. 27, 58 A. L. R. 1209; Cary v. Preferred Accident Ins. Co., 127 Wis. 67, 106 N. W. 1055, 115 Am. St. Rep. 997, 7 Ann. Cas. 484, 5 L. R. A. (N. S.) 926; Travelers' Insurance Co. v. Hunter, 30 Tex. Civ. App. 489, 70 S. W. 799; U. S. Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60.

We overrule appellant's proposition. The judgment is affirmed.