DIXON *v.* LOBENSTEIN *et al.*

(*Knoxville*, September Term, 1939.)

Opinion filed October 21, 1939.

W. C. Burton, of Knoxville, for plaintiff in error.

Frantz, McConnell & Seymour, of Knoxville, for defendants in error Gertrude and Bessie Lobenstein.

Testerman, Ambrose & Badgett, of Knoxville, for defendant in error Mrs. J. V. Wyrick.

Green, Webb, Bass & McCampbell, of Knoxville, for defendants in error Leonard Jones, E. W. Ogden and Fidelity-Bankers Trust Co.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an action for damages brought by a lodging room tenant for injuries alleged to have been received in a fall from a gallery on the premises in which she lodged, resulting from the giving way of a banister, or rail, which she alleges was decayed, rotten and defective. She sued Gertrude and Bessie Lobenstein, as the owners of the lodging house, Leonard Jones and E. W. Ogden as lessees holding under a ninety-nine year lease, Fidelity Bankers Trust Co., as the rental agents of the lessees, in charge of the property as such, and Mrs. J. V. Wyrick as the renting occupant from whom the plaintiff rented a room.

The trial Judge sustained demurrers to the declaration and dismissed the case as to all the defendants and plaintiff appeals.

Several grounds of the demurrers interposed the defense of contributory negligence apparent on the face of

the declaration. This defense was expressed in different language in several grounds of the demurrers and included the issue of assumed risk.

The declaration describes the building as a two story house with a large basement fronting on the north side of West Church Avenue at a point where the ground slopes rapidly toward the rear. A gallery, or porch, extended across the rear of the building and from this porch there descended an outside stairway to the ground below. The floor of this gallery was some thirteen feet above the ground. The declaration alleges that "there is a handrail attached to and made a part of the steps leading to the porch. There was a single rail banister on the end and one side of said porch." The stairway, porch and banister are all constructed of wood, this rail being supported by three posts. She alleges that the banisters and approach were in a "defective, dangerous and rotten condition," and by way of emphasis of this condition she says that Mrs. Wyrick, the defendant, knew of it and having observed it had called the attention of an employee of the Fidelity Bankers Trust Co., to it more than a year before the accident occurred. The import and necessary implication of the allegation made is that this condition was so bad that its danger was apparent and that it was therefore gross negligence on the part of the defendants, and of all of them, to fail to replace said rotten and dangerous banisters. It will be noted that this is not a case of latent defect, or of a defective condition which was not apparent upon slight inspection or examination.

The declaration alleges that plaintiff is a young woman about twenty-two years of age and that she occupied a room on the same floor with this porch and down the hallway leading toward it, and that on the afternoon of

September 9, 1934, she "walked out of her room onto the porch and placed one of her limbs on the banister of the porch aforesaid in a sitting posture and was in a position of rest when without a moment's warning the banister, which was supported by three posts, immediately gave way and crashed to the ground some thirteen and a half feet below." She says that she was hurled violently to the ground and seriously injured.

We are constrained to agree with the learned trial Judge that this plaintiff on her own declaration was guilty of contributory negligence which bars her recovery.

In *Memphis St. R. Co.* v. *Roe,* 118 Tenn., 601, 102 S. W., 343, 345, contributory negligence is well defined as "a want of ordinary care upon the part of the person injured by the actionable negligence of another, combining and concurring with that negligence and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred." It is axiomatic that a duty rests on every one to use due care under the attendant circumstances, and negligence is doing what a reasonable and prudent person would not do under the given circumstances.

We think, as already suggested, that it is a fair deduction from this declaration that the plaintiff must herself have known, or could have known by the exercise of the slightest care, that this old rotten rail was likely to give way if any unusual pressure was put upon it. It is hardly reasonable to assume that its condition could have been so bad as described over so long a period as the declaration charges, and had been so apparent to the defendants as alleged, without it being reasonably apparent to the plaintiff herself. But even if this cannot be fairly found, it is certainly true that a slight rail,

or banister, supported only as described, afforded no invitation to the use which plaintiff says she made of it. The primary use of a guardrail of this character contemplates and invites the reasonable pressure and weight of the hand or arm, but its use as a seat or lounge is hardly within reasonable contemplation. Even if the plaintiff had no reason to suppose that the rail had become weakened by weather and length of time and is not chargeable with that notice, which she says its appearance gave to others, she undertook to make a use of the banister which was unreasonable and which she could not have made of it under the circumstances in the exercise of due care for her own safety. One who seats oneself on a slight banister at a perilous height can hardly be said to be exercising that caution which would be expected of a prudent person. She incurs a risk of losing her balance and falling below, even if the banister itself should not give way. The allegations of the declaration show that she approached this rail from the porch, sat and placed one of her limbs thereon and assumed a sitting posture, "in a position of rest," thus throwing practically the entire weight of, not only her leg and thigh, but her entire body, not only down upon the banister, but in a leaning position against it. Even if entirely sound, this frail wooden rail might well have been expected to give way when subjected to this strain.

Several cases are cited in the briefs where injuries resulted from improper and uncontemplated use of guardrails or banisters, in which the defense of contributory negligence was held to apply. *De Motte* v. *Arkell*, 77 Cal. App., 610, 247 P., 254 (hearing denied by Supreme Court), is a case directly in point. And see *Kelley* v. *Lawrence*, 195 Mo., 75, 92 S. W., 1158; *Pavlovchik* v. *Lupariello*, 101 Conn., 567, 127 A., 18; *Stickney* v. *Salem*,

3 Allen (Mass.), 374; *Orcutt* v. *Kittery Point Bridge Co.*, 53 Me., 500. In all of these cases reasonable limitation upon the invited use of such guardrails or banisters is recognized and liability is denied when injury resulted from misuse thereof.

Enough has been said to support the conclusion already indicated, that the plaintiff was guilty of negligence approximately contributing to the injury.

We understood counsel for plaintiff to concede at the bar that the owners of the land, the Misses Lobenstein, were entitled to have their demurrer sustained on the ground that as owners and lessors no basis of liability is alleged, and this is obviously true. In view of the conclusion reached as to the contributory negligence of the plaintiff, it is unnecessary to pass upon other defenses interposed by the other defendants, who also occupy the relationship of landlords.

The judgment of the trial Court dismissing the case will be affirmed.