David **KELLEY**, Plaintiff/Appellee,

v.

James P. **JOHNSON** and Karen S. Sims, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 6, 1990.

Permission to Appeal Denied by Supreme Court Sept. 24, 1990.

Rodney L. Umberger, Jr., Campbell & Campbell, Chattanooga, for defendants/appellants.

Thomas C. Faris, Faris & Faris, Winchester, for plaintiff/appellee.

## OPINION

KOCH, Judge.

This appeal stems from an automobile accident near Tims Ford State Park. One of the drivers obtained a $2,000 judgment in the Franklin County General Sessions Court against the other driver and the owner-passenger of the other car. On appeal, the Circuit Court for Franklin County found that both drivers had been negligent but awarded a $1,400 judgment to the plaintiff on the ground that his negligence was remote. The defendants have appealed, insisting that the actions of the defendant-driver were not the proximate cause of the accident. We find that both drivers were negligent and that their concurrent negligence proximately caused the accident. Therefore, we reverse the judgment.

## I.

During the early afternoon of June 14, 1987, James Johnson and Karen Sims left Tims Ford State Park and were travelling southbound on Mansford Bridge Road looking for a suitable spot for a picnic. Ms. Sims was Mr. Johnson's girl friend, and Mr. Johnson was driving her automobile with permission. David Kelley, who had also just left the park, was travelling some distance behind Mr. Johnson's automobile.

Ms. Sims and Mr. Johnson decided to stop for their picnic approximately two miles from the park along a relatively straight portion of Mansford Bridge Road approximately two tenths of the mile after a curve. The road at that point was designated as a no passing zone by a somewhat faded solid yellow line.

Although there is some dispute concerning Mr. Johnson's use of his turn signal lights, Mr. Johnson testified that he began to make a turn signal after looking in the rear view mirror when he was coming out of the curve and that he began to slow Ms. Sims' car down to begin his left turn onto a dirt road. Without looking in his rear view mirror again, Mr. Johnson began to make a left turn across the northbound lane of Mansford Bridge Road.

By that time, Mr. Kelley had narrowed the distance between his automobile and the one being driven by Mr. Johnson, but Mr. Johnson did not realize this because he did not look in his rear view mirror as he began his left turn. Just as Mr. Johnson began to turn, Mr. Kelley, who apparently had not seen Mr. Johnson's turn signal, crossed the yellow line into the northbound lane in an attempt to pass Mr. Johnson's automobile. The front of Mr. Kelley's automobile struck the driver's door of the automobile being driven by Mr. Johnson.

Mr. Kelley sued Mr. Johnson and Ms. Sims in December, 1987 in the Franklin County General Sessions Court. Approximately two weeks later, Ms. Sims sued Mr. Kelley in the same court. In August, 1988, Ms. Sims settled her claims against Mr. Kelley for $6,000; however, the settlement did not end Mr. Kelley's suit against Mr. Johnson or Ms. Sims. The general sessions court heard the matter in November, 1988 and awarded Mr. Kelley a $2,000 judgment against Mr. Johnson and Ms. Sims.

Mr. Johnson and Ms. Sims sought and obtained a trial *de novo* in the trial court. Following a bench trial, the trial court issued a letter opinion dated April 4, 1989, stating:

> I find that Mr. Johnson was negligent in failing to check his rear view mirror prior to making the left turn. However, I also find that Mr. Kelley was guilty of contributory negligence by passing in a no passing zone. I think that remote contributory negligence is attributable to this fact situation, and I award the plaintiff a judgment in the amount of $1400.00.

A judgment incorporating the trial court's findings was filed on April 25, 1989.

## II.

Negligence causes of action have three necessary ingredients: (1) a legally recognized duty owed by the defendant to the plaintiff, (2) the defendant's breach of its duty, and (3) an injury proximately caused by the breach. *Foster v. Bue*, 749 S.W.2d 736, 741 (Tenn.1988); *Lindsey v. Miami Dev. Co.*, 689 S.W.2d 856, 858 (Tenn.1985); *Shouse v. Otis*, 224 Tenn. 1, 7, 448 S.W.2d 673, 676 (1969).

The determination of negligence claims involves mixed questions of law and fact. The existence and scope of the defendant's duty is exclusively within the court's domain. *Dill v. Gamble Asphalt Materials*, 594 S.W.2d 719, 721 (Tenn.Ct.App. 1979). However, whether the defendant breached its duty and whether the breach proximately caused the injury are generally questions decided by the trier of fact. *Frady v. Smith*, 519 S.W.2d 584, 586 (Tenn. 1974); *Senters v. Tull*, 640 S.W.2d 579, 582 (Tenn.Ct.App.1982). These questions become questions of law only when the facts and inferences drawn from the facts permit reasonable persons to reach only one conclusion. *Evridge v. American Honda Motor Co.*, 685 S.W.2d 632, 635 (Tenn.1985); *Haga v. Blanc & West Lumber Co.*, 666 S.W.2d 61, 65 (Tenn.1984).

Triers of fact decide negligence cases in light of their knowledge of how reasonable persons act in the same or similar circumstances. *Nashville, C. & St. L. Ry. v. Wade*, 127 Tenn. 154, 158–59, 153 S.W. 1120, 1121 (1913). Their decisions are not only based on factual matters but also on mixed considerations of logic, common sense, public policy, and precedent. *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276, 280 (Tenn.Ct.App.1977); *Mullins v. Seaboard Coastline Ry.*, 517 S.W.2d 198, 201 (Tenn.Ct.App.1974); *Carney v. Goodman*, 38 Tenn.App. 55, 61–62, 270 S.W.2d 572, 575 (1954).

Accordingly, reviewing negligence cases tried before a judge without a jury requires a two-step analysis. Tenn.R. App.P. 13(d) requires us to presume that the trial court's findings of fact are correct unless the evidence preponderates against them. However, the same presumption does not exist with regard to the trial court's legal determinations or when the trial court's conclusions are based on uncontroverted facts. *Prost v. City of Clarksville*, 688 S.W.2d 425, 427 (Tenn. 1985); *Federated Mach. Implement & Hardware Co. v. Shoemaker*, 211 Tenn. 523, 533, 366 S.W.2d 129, 133 (1963); *National Mortgage Co. v. Washington*, 744 S.W.2d 574, 580 (Tenn.Ct.App.1987); *McBurgess v. Federal Life Ins. Co.*, 5 Tenn.App. 284, 288 (1927).

### III.

Our task in this case is to determine whether the evidence preponderates against the trial court's determination that both Mr. Kelley and Mr. Johnson were negligent but that Mr. Kelley's negligence was too remote to be a proximate cause of the accident. We concur with the trial court's findings that both parties violated statutory rules of the road. We also concur with the trial court's conclusion that both parties were, therefore, negligent *per se*. However, we do not agree with the conclusion that Mr. Kelley's conduct amounted to only remote contributory negligence.

Mr. Kelley candidly concedes in his brief that he was negligent *per se* because he violated the statutory rule of the road proscribing passing on the left in a no passing zone.[1] However, Mr. Johnson and Ms. Sims insist that the trial court erred by finding that Mr. Johnson was negligent because he failed to check his rear view mirror immediately before he began his left turn.

Mr. Johnson testified that he checked his rear view mirror approximately two tenths of a mile before he turned. However, he also conceded that he did not check his rear view mirror again when he began to make his turn.

Tenn.Code Ann. § 55–8–142 (1988) proscribes making a turn that cannot be made with reasonable safety. Undertaking to turn without looking to the rear is a violation of the statute and is, therefore, negligence *per se*. *See Bennett v. Woodard*, 60 Tenn.App. 20, 26–27, 444 S.W.2d 89, 92 (1969). Based on the uncontroverted fact that Mr. Johnson did not check his rear view mirror immediately before turning, we concur with the trial court's determination that Mr. Johnson was negligent *per se*.[2]

After concluding that Mr. Kelley was negligent *per se*, the trial court found that his conduct rose only to the level of remote contributory negligence. We cannot concur with this conclusion.

Tennessee follows the common law rule that a plaintiff's proximate contributory negligence defeats its right to recover from a negligent defendant. *Dixon v.*

---

1. *See* Tenn.Code Ann. § 55–8–121 (1988).

2. Mr. Kelley also asserts that Mr. Johnson violated Tenn.Code Ann. §§ 55–8–136 and –143 (1988). We do not see how the former is applicable to this case since no pedestrians were involved in the accident. The parties introduced conflicting evidence concerning Mr. Johnson's use of his turn signals, and the trial court did not base its decision on this facet of the case. As an appellate court, we are in no position to resolve this factual dispute since doing so would be based on the credibility of the witnesses. *Capital City Bank v. Baker*, 59 Tenn.App. 477, 493, 442 S.W.2d 259, 266 (1969).

*Lobenstein,* 175 Tenn. 105, 108, 132 S.W.2d 215, 216 (1939); *Bejach v. Colby,* 141 Tenn. 686, 691, 214 S.W. 869, 870 (1919). However, the courts have devised the doctrine of remote contributory negligence to mitigate the harsh effects of the common law rule. The doctrine provides that a negligent plaintiff will not be prevented from recovering if its negligence was "too far removed as to time or place, or causative force, to be a direct or proximate cause of the accident." *Arnold v. Hayslett,* 655 S.W.2d 941, 945 (Tenn.1983); *Street v. Calvert,* 541 S.W.2d 576, 585 (Tenn.1976); *Butler v. Ballard,* 696 S.W.2d 533, 541 (Tenn. Ct.App.1985).

 The doctrine of remote contributory negligence is not available to Mr. Kelley under the facts of this case. His negligence—attempting to pass on the left in a no passing zone—was not so removed in either time, place, or causation that it was not a proximate cause of the accident. An injury can result from more than one proximate cause. *Stokes v. Leung,* 651 S.W.2d 704, 708 (Tenn.Ct.App.1982). In this case, the accident and the resulting injuries and property damage were caused by the concurrent negligent acts of both Mr. Kelley and Mr. Johnson.

A plaintiff whose negligence is the proximate cause of its injury cannot recover from a negligent defendant. *Ellithorpe v. Ford Motor Co.,* 503 S.W.2d 516, 521–22 (Tenn.1973); *City of Chattanooga v. Sha-kleford,* 41 Tenn.App. 734, 740, 298 S.W.2d 743, 746 (1956). Thus, contributory negligence is ordinarily a complete bar to recovery. *McElroy v. Boise Cascade Corp.,* 632 S.W.2d 127, 136 (Tenn.Ct.App.1982).

We have concurred with the trial court's determination that both Mr. Kelley and Mr. Johnson were negligent *per se.* We have also found that Mr. Kelley was contributorially negligent and that the negligence of both parties concurrently caused the accident giving rise to Mr. Kelley's suit. Therefore, we conclude that Mr. Kelley cannot recover against either Mr. Johnson or Ms. Sims.

### IV.

We reverse the trial court's judgment and remand the case with directions that Mr. Kelley's complaint be dismissed with prejudice. We tax the costs of the appeal in equal proportions to David Kelley and James P. Johnson and their respective sureties for which execution, if necessary, may issue.

LEWIS and CANTRELL, JJ., concur.