# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## JAMES DONALD POWELL, ET AL. v. M. P. GURKIN, ET AL.

**A Direct Appeal from the Circuit Court for Fayette County
No. 3822; The Honorable Jon Kerry Blackwood, Judge**

---

**No. W1999-00827-COA-R3-CV - Decided July 10, 2000**

---

This is a personal injury action arising out of a slip-and-fall accident which occurred at a laundromat owned by the Gurkin Defendants. The fall was allegedly caused by a hole in the floor of the laundromat which was created by the Defendant Hardin in attempting to locate and repair a water leak in the laundromat. The Plaintiff fell while walking into the laundromat carrying his laundry basket. He brought the present suit claiming that the Defendants were negligent in failing to repair the hole or providing adequate warning of the dangerous condition. The Defendants filed a Motion for Summary Judgment claiming that the Plaintiff failed to use reasonable care in confronting a known risk. After arguments of counsel, the trial court granted both Defendants' Motions for Summary Judgment.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court is Affirmed in Part, Reversed in Part and Remanded**

HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., and FARMER, J., joined.

Kendall Reeves, Timothy J. Williams, Memphis, For Appellants

Robert B.C. Hale, Memphis, For Appellees, M. P. Gurkin and Sons, etc.
James S. Wilder, III, Memphis, For Appellee, Curtis Hardin Plumbing Company

## OPINION

In this personal injury action, the Plaintiffs, James and Bobby Powell, appeal from the order of the Fayette County Circuit Court granting the Defendants' motions for summary judgment.

### Facts and Procedural History

M.P. Gurkin, Sr., M.P. Gurkin, Jr., Charles Gurkin and George Gurkin (collectively referred to as "Gurkin" or "Gurkin Defendants") own and operate Gurkin's Auto Laundry ("Laundromat") in Moscow, Tennessee. Sometime toward the end of February 1996, a water leak was discovered

inside the laundromat. As a result of this discovery, one of the owners of the laundromat called Curtis Hardin Plumbing Company ("Hardin") to locate and repair the leak. During the course of the repair work, Hardin had to excavate concrete, thereby creating a hole in the floor. Hardin was unable to locate and repair the leak prior to leaving the job on the afternoon of Friday, March 1. He left the laundromat that afternoon intending to return on the following Monday morning to resume work. Prior to leaving, Hardin instructed Cecil Crawford, a Gurkin's employee, to place signs in the store windows alerting customers of the hole in the floor. Hardin also undertook to mark the construction by placing barrels around the hole.[1] Finally, Hardin instructed Cecil Crawford that the laundromat should be closed until the job was finished. However, after consulting with one or more of the owners, Crawford did not close the laundromat.

James Powell ("Appellant") entered the laundromat on Sunday, March 3, 1996. He entered carrying his laundry basket in front of his body, thereby obstructing his view of the floor. Upon entering, he proceeded in the direction of the washing machines where he stepped into the hole in the floor and fell. Appellant noticed construction work being done on the outside of the premises as he approached the laundromat. However, he claims that there was no indication that work was being done on the inside of the laundromat.

Appellant brought the present suit asserting claims for negligence. After answering the complaint, both Defendants filed motions for Summary Judgment. On July 6, 1999, the trial court granted the Defendants' motions for summary judgment and dismissed the case. This appeal followed.

**Law and Analysis**

Summary judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.03; Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). We review the summary judgment motion as a question of law in which our inquiry is *de novo* without a presumption of correctness. Finister v. Humboldt General Hosp., Inc., 970 S.W.2d 435, 437 (Tenn. 1998); Robinson v. Omer, 952 S.W.2d 423, 426 (Tenn.1997). We must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. Byrd, 847 S.W.2d at 210-11. If both the facts and conclusions to be drawn therefrom permit a reasonable person to reach only one conclusion, then summary judgment is appropriate. Robinson, 952 S.W.2d at 426; Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). Guided by the well-settled principles applicable to summary judgment analysis, we shall consider the claims asserted against both Defendants.

*I. Hardin*

---

[1] The "barrels" that were placed around the hole were actually garbage cans.

In <u>Coln v. City of Savannah</u>, 966 S.W.2d 34 (Tenn. 1998), the Tennessee Supreme Court considered the negligence principles which apply to premises liability cases. The court began its analysis by noting the traditional elements of a negligence claim: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause. <u>Bradshaw v. Daniel</u>, 854 S.W.2d 865, 869 (Tenn. 1993).

The first consideration, the duty element, is a question of law requiring the court to determine "whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant." <u>Id.</u> at 870 (quoting W. Page Keeton, Prosser & Keeton on Torts, § 37 at 236 (5th ed. 1984)). We recognize that Hardin, as a independent contractor, can have liability for the Appellant's injury. <u>See</u> <u>Broome v. Parkview, Inc.</u>, 359 S.W.2d 566 (Tenn. Ct. App. 1962)("A contractor, who performs work on premises to which the public is invited during the course of the work, is liable for injuries caused by his acts in rendering the premises unsafe and dangerous and <u>negligently leaving them in that condition</u>.")(emphasis added). However, we need not ponder long to conclude that no liability exists under the present facts.

The law does not require that Hardin be the absolute guarantor of the Appellant's safety. Rather, the law only requires that Hardin take all reasonable measures to prevent an injury. Reasonable minds could not differ on the conclusion that Hardin took all reasonable precautions to prevent an injury. Upon leaving the laundromat on Friday, Hardin took numerous precautions in order to make the premises safe. Hardin instructed a Gurkin's employee to place warning signs in the window, placed barrels around the hole, and even instructed the Gurkin's employee that the laundromat should be closed. In short, Hardin took all reasonable measures to ensure that an accident would not occur.[2] The fact that the premises owner failed to implement the precautions which Hardin suggested does not serve to place liability on Hardin. This fact serves only to place liability, if any exists, on the owner of the premises.

There can be no doubt that summary judgment was appropriate as to Hardin. Even if the Appellant could show that a duty was owed by Hardin, it is clear that this duty was not breached. Therefore, the trial court was correct in granting Hardin's motion for summary judgment, and we will not disturb that ruling.

*II. Gurkin*

---

[2] Appellant contends that Hardin could have taken further measures to prevent his injury. However, Hardin is not required to exhaust every conceivable precaution, but, rather, is required only to take all reasonable precautions. Therefore, there is no value in our consideration of what further measures might have been employed.

As with the previous discussion, our consideration of the negligence claim against Gurkin begins with the traditional elements of a negligence claim. Those elements must be considered in the context of the procedural posture in which this case arises, namely a summary judgment dismissal. In that regard, the Appellant is entitled to the strongest legitimate view of the evidence and is entitled to all reasonable inferences that may be drawn from the evidence, discarding all countervailing evidence. Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)).

Duty is the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm. See Pittman v. Upjohn Co., 890 S.W.2d 425, 428 (Tenn. 1994). Generally, "[a] risk is unreasonable and gives rise to a duty to act with due care if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." McCall, 913 S.W.2d at 153.

Owners generally have a duty to maintain their premises in a reasonably safe condition. Eaton v. McLain, 891 S.W.2d 587, 593 (Tenn. 1994). A premises owner may owe a duty to visitors if the owner can anticipate harm, even if a hazard is open and obvious. See Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998). "Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." Jackson v. Bradley, 987 SW.2d 852, 854 (Tenn. Ct. App. 1998)(quoting Restatement (Second) of Torts, § 343(A) (comment f)).

Gurkin cites to the case of Eaton v. McLain in support of their contention that no duty arose in the present case.[3] 891 S.W.2d 587 (Tenn. 1994). In Eaton, the plaintiff fell down a flight of stairs after stepping through a doorway that she believed to be the bathroom. The Tennessee Supreme Court, in dismissing the complaint, stated that "Ms. Eaton's failure to turn on any lights, coupled with her willingness to open the door and step into an unfamiliar area, is such a radical departure from reasonable conduct under the circumstances that the McLains could not have reasonably foreseen that conduct and its consequences." Id. at 594. Just as Ms. Eaton could have avoided an injury simply by turning on a light, Gurkin contends that the Appellant's injury could have been avoided by the "simple act" of positioning his laundry basket in a manner which would have allowed him to see the floor.

We do not, however, consider the rule in Eaton to be dispositive of the present appeal. Whereas Ms. Eaton's actions were a "radical departure" from reasonable conduct, the Appellant's entering the laundromat with a laundry basket in front of him was neither unreasonable nor unforeseeable.

In analyzing the defendant's duty, the Eaton court made the following statement,

---

[3] Gurkin refers to this argument as the "step in the dark rule."

> As indicated in [Doe v. Linder Constr.], the question of whether the McLains' general duty of care encompasses the duty to guard against the acts set forth in the complaint involves an analysis of the foreseeability of the risk to which Ms. Eaton was exposed. In other words, the issue is whether Ms. Eaton has made "any showing from which it can be said that the defendants reasonably knew or should have known of the probability of an occurrence such as the one which caused [her] injuries."

Eaton, 891 S.W.2d at 594(emphasis added). While we do not disagree that Ms. Eaton's actions were both unforeseeable and unreasonable, we do not consider the Appellant's actions in the present case to be such. In fact, it is certainly foreseeable that any person entering a laundromat will be carrying a laundry basket full of clothes. It is also reasonable that a person may be carrying that basket in front of his body. We do not believe that a person carrying a laundry basket in such a manner enters at his own peril. Moreover, carrying a basket in such a manner certainly should not relieve the premises owners of their duty to warn their customers of a large hole in the floor.[4] "The pertinent question is whether there was any showing from which it can be said that the defendants reasonably knew or should have known of the probability of an occurrence such as the one which caused the plaintiff's injuries. Doe v. Linder Constr. Co., Inc., 845 S.W.2d 173, 178 (Tenn. 1992)(citing Corbitt v. Ringley-Crockett Inc., 496 S.W.2d 914 (Tenn. Ct. App. 1973). The facts before us clearly indicate that the Defendants had a duty to warn the Appellant of the dangerous condition in the laundromat. We are not persuaded that any actions of the Appellant relieved the Defendants of this duty.

In essence, Gurkin's argument is a somewhat veiled version of the "open and obvious" rule. Under that rule, a premises owner will not be liable for an injury which occurs due to a condition which was "obvious, reasonably apparent, or as well known to the invitee [or licensee] as to the owner." Kendall Oil Co. v. Payne, 293 S.W.2d 40, 42 (1955); see also McCormick v. Waters, 594 S.W.2d 385, 387 (Tenn. 1980). However, the open and obvious doctrine was abrogated by the Coln decision, wherein the pertinent consideration became whether the foreseeability and gravity of harm posed by the defendant's conduct, even if "open and obvious," outweigh the burden upon the defendant to engage in alternative conduct. Coln, 966 S.W.2d at 37. If so, the defendant has a duty to act with reasonable care and the comparative fault principles apply under McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). Id.

Having determined that a duty of care was owed to the Appellant, we believe the trial court erred in dismissing the complaint against the Gurkin defendants. The pertinent questions now become whether the Defendants breached their duty and, if so, whether that breach caused the Appellant's injuries. Issues of breach and causation are generally questions decided by the trier of

---

[4] Gurkin also points out that the Appellant could just have easily fallen over "trash cans, detergent boxes, or baskets." We refuse to deal in such hypotheticals, nor does such an argument have any bearing on the present facts. If the Appellant had fallen over an object which he had reason to know might be on the floor, then, perhaps, our analysis would be different. However, absent some warning from the premises owner, no customer should expect to encounter a large hole in the floor, and the position in which one carries his laundry basket, if foreseeable and reasonable, has no effect on the premises owner's duty.

fact. <u>Kelley v. Johnson</u>, 796 S.W.2d 155 (Tenn. Ct. App. 1990)(<u>citing</u> <u>Frady v. Smith</u>, 519 S.W.2d 584, 586 (Tenn. 1974); <u>Senters v. Tull</u>, 640 S.W.2d 579, 582 (Tenn. Ct. App. 1982). These questions become questions of law only when the facts and inferences drawn from the facts permit reasonable persons to reach only one conclusion. <u>Id.</u>(citing <u>Evridge v. American Honda Motor Co.</u>, 685 S.W.2d 632, 635 (Tenn. 1985); <u>Haga v. Blanc & West Lumber Co.</u>, 666 S.W.2d 61, 65 (Tenn. 1984).

Based on the record, we believe there to be a dispute as to the material facts in the case sufficient to preclude summary judgment at this time. Specifically, questions exist as to the warnings which Gurkin provided and the adequacy of those warnings. Our review of the record leads us to conclude that reasonable minds could differ on the pertinent questions, therefore we must reverse the grant of summary judgment in favor of the Gurkin Defendants.[5] The case is remanded to the trial court so that the Appellant may have the opportunity to present his evidence of Gurkin's negligence. We express no view on the remaining elements of the Appellant's claim.[6]

### Conclusion

For the foregoing reasons, the decision of the trial court granting summary judgment is affirmed as to the Defendant Hardin. The decision of the trial court granting summary judgment to the Gurkin Defendants is reversed and the case is remanded for further proceedings. Costs of this appeal shall be taxed one-half to the Appellants, James and Bobbye Powell, and one-half to the Appellees, M.P. Gurkin, Sr., M.P. Gurkin, Jr., Charles Gurkin and George Gurkin, for which execution may issue if necessary.

---

[5] We reject Gurkin's argument that reasonable minds could not disagree that the Appellant was guilty of negligence at least equal to, if not greater than, their own. Where reasonable minds can differ, as we believe they can in the present case, the apportionment of fault is properly left to the trier of fact. <u>See</u> <u>Prince v. St. Thomas Hospital</u>, 945 S.W.2d 731 (Tenn. Ct. App. 1996).

[6] We do not wish to imply any apportionment of fault in the present case. That determination should be left to the trier of fact. Our sole conclusion is that reasonable minds could differ as to the material aspects of this case, thereby precluding summary judgment.

6