IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13 , 2010 Session

## KATHY YOUNG ET AL. v. FIRST BANK OF TENNESSEE

**Appeal from the Circuit Court for Rhea County**
**No. 02-27191     Thomas W. Graham, Judge**

**No. E2010-01434-COA-R3-CV - Filed January 28, 2011**

Kathy Young ("the plaintiff") stepped backward onto an elevated curb as she opened the driver's door of her vehicle to leave the parking lot of First Bank of Tennessee. She was injured when she tripped over the curb and fell into the shrubbery that bordered the parking lot. She and her husband[1] filed this action alleging that First Bank was negligent in creating or maintaining a dangerous condition. First Bank filed a motion for summary judgment which the trial court granted. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Larry G. Roddy, Dayton, Tennessee, for the appellants, Kathy Young and husband Donny Young.

N Mark Kinsman and J. Chad Hogue, Chattanooga, Tennessee, for the appellee, First Bank of Tennessee.

**OPINION**

I.

The incident that gave rise to this action happened in the parking lot of First Bank of Tennessee located off Third Street in Dayton. On December 23, 2008, the plaintiff went to

_____

[1]We have defined Mrs. Young as "the plaintiff." We do so for ease of reference only. We fully recognize that Mr. Young is a plaintiff in the pursuit of a derivative claim.

First Bank to make a payment for her sister. She turned off Third Street into the parking lot and then immediately turned left into the parking space situated closest to Third Street. A photograph of the parking space, with the plaintiff's minivan parked in the same space, was made an exhibit to the plaintiff's deposition. The parties acknowledge that the exhibit is a true and accurate depiction of the space and adjacent environs as it existed on the day of the accident; however, the plaintiff was unable to say whether the photograph accurately reflects how her vehicle was parked in that space on the day of the accident.[2] The photograph was taken by the plaintiff's representative. It is depicted in Figure 1. below.



Figure 1.

The bank is the building directly in front of the plaintiff's vehicle. A sidewalk runs along the side of the building perpendicular to the vehicle ("the front sidewalk"). Third Street runs to the left of and parallel to the length of the minivan. A second sidewalk ("the Third Street sidewalk") runs parallel to Third Street and parallel to the parking space and perpendicular to the front sidewalk. To the left of the parking space is a raised bed of shrubbery situated between the parking space and the Third Street sidewalk. The shrubbery bed is separated from the paved parking lot by an elevated curb. The curb extends from the Third Street sidewalk to the front sidewalk. The curb runs parallel to Third Street from the front sidewalk approximately the length of an automobile and then curves toward Third Street until it hits the Third Street sidewalk. The curb is the same color as the pavement, except for a short section next to the Third Street sidewalk which is painted yellow.

___

[2]The plaintiff agreed that the parking space shown in the photograph was the one she occupied that day.

The following facts describing the actual accident are taken from the bank's statement of undisputed facts filed in support of its motion for summary judgment:

> [The plaintiff] visited this branch approximately one time per week, and had been doing so for several years.
>
> . . . [W]hen she visited the bank, she always parked in the parking lot in which she fell [,although she did not remember ever parking in the actual space where her fall occurred].
>
> On the day of the accident, [the plaintiff] pulled into the first parking space.
>
> Then she opened her door and moved toward the rear of the car so that she could shut the door.
>
> [The plaintiff] went into the bank to conduct her business and returned to the parking lot.
>
> When [the plaintiff] returned to her vehicle, she walked between her vehicle and the curb and turned to face the front driver door.
>
> [The plaintiff] had her vehicle remote in her right hand and reached for the door handle with her left hand.
>
> As she pulled the door towards her, she stepped back and stepped onto the curb.
>
> [The plaintiff] . . . heard . . . three popping sounds, and she fell into the bushes adjacent to her vehicle.
>
> When she arrived at First Bank, [the p]laintiff did not see the curb in question.
>
> [The p]laintiff admits that she would have seen the curb if she had been looking for it.

* * *

-3-

During the time when she began to open the door and she stepped back, she was facing her van.

After exiting her vehicle, [the plaintiff] admits that she saw the bushes to her left, but denies that she saw the curb in question, despite the fact that she would have walked parallel to this curb for several feet in order to reach the sidewalk.

*   *   *

[The p]laintiff was facing the door of her van before the fall.

Due to the position of her body in front of the door, it was impossible for her to open her vehicle's door without stepping backward.

Rather than move to the rear of the vehicle and swing the door in front of her, [the p]laintiff stepped backward without looking to see whether she could make the movement safely.

(Paragraph numbering and record citations omitted). These facts are taken from the plaintiff's deposition. The plaintiff did not challenge the bank's statement of facts in the trial court. Her brief on appeal essentially recites the bank's statement of undisputed facts as the facts of the case.

The trial court's order sustaining the bank's motion for summary judgment, states as follows:

[T]he [p]laintiff simply can not prove at least two (2) of the five (5) essential elements of this negligence action, to-wit:

First, with regard to duty, a business owner is not required to warn invitees such as the [p]laintiff of open and obvious dangers such as the curb in this case which can be easily stepped over or around and which is common to many parking areas. In fact, this [p]laintiff had been in this parking lot on numerous occasions over the years and was quite familiar with its construction. Moreover, it is clear from the contemporaneously taken photo of the subject curb that the curb was not obstructed from normal vision by the shrubbery contained therein. (See

-4-

Exhibit 4 to Plaintiffs' March 24, 2010, deposition. [Figure 1. above].)

Secondly, even if some duty to warn such as painting the curb existed [as alleged by the plaintiff], this [p]laintiff was not looking where she stepped when she blindly backed into the curb. Therefore the alleged failure to warn was not a cause in fact. [The p]laintiff's failure to see and be aware of the area where she stepped was the cause of her injury.

Finally, even it the [bank] had not negated duty and cause in fact, this Court finds no reasonable person could conclude based on the facts in this case, that [the bank's] alleged failure to warn was the primary negligent act causing the subject injury. The facts establish [the p]laintiff's failure to observe what was there to be seen was the primary cause of her fall and resulting injury and was at least fifty percent (50%) of the fault in this case.

(Headings in document and footnote omitted).

## II.

The sole issue the plaintiff identifies for appeal is whether "the trial court err[ed] in granting defendant's motion for summary judgment."

## III.

The Supreme Court in a 2009 decision articulated the standard for reviewing summary judgment:

> The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.
>
> A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The party seeking the summary

-5-

judgment has the ultimate burden of persuasion that there are no disputed, material facts creating a genuine issue for trial and that he is entitled to judgment as a matter of law. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. . . .

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. In making that assessment, th[e] Court must discard all countervailing evidence.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363 -64 (Tenn. 2009)(citations and internal quotation punctuation omitted).

IV.

The thrust of the plaintiff's challenge to summary judgment is simply this: when the facts and all reasonable inferences therefrom are taken in a light most favorable to her, and the countervailing evidence is discarded, a reasonable trier of fact could conclude that the bank was negligent. Her summary of the facts that would supposedly allow that conclusion is as follows:

The deposition of [the] plaintiff and the photographs clearly show that the parking lot space in which [the] plaintiff parked is near an elevated curb. . . . [V]iew of the curb is partially obstructed by bushes. . . . [T]he curb is the same color as the pavement. The curb is difficult to see when pulling into the space due to the bushes and the camouflage effect of the color of the pavement and the curb. . . . [H]aving a curb partially painted yellow and then end the yellow paint leaving the balance of the curb unpainted and the same color as the pavement creates an[] illusion that the curb ends with the yellow paint.

We disagree with the plaintiff. As the trial court correctly notes, there are two dispositive facts as to which there is no countervailing evidence and no favorable inferences to be drawn in the plaintiff's favor. The first is that "it is clear from the . . . photo[graph] of the subject curb that the curb was not obstructed from normal vision by the shrubbery contained therein. (See [Figure 1. reproduced above])." The second fact is that "even if some duty to warn such as painting the curb existed [as alleged by the plaintiff], this [p]laintiff was not looking where she stepped when she blindly backed into the curb." These undisputed facts compel the conclusion that if the plaintiff had looked – which she admittedly did not – she would have seen the curb, and that the cause of her injury was not the bank's alleged failure to paint the curb or otherwise call attention to it, but the plaintiff's failure to look where she was stepping.

The plaintiff argues that *Allman v. Hut's, Inc*, No. W2000-01829-COA-R3-CV, 2001 WL 523953 (Tenn. Ct. App. W.S., filed May 16, 2001) compels reversal of the summary judgment. *Allman* did involve a patron's fall over a small elevated curb, but there the similarity ends. The curb in *Allman* was situated directly in the sidewalk in the path of foot traffic "in front of the main entrance . . . where Hut's invited and expected patrons to enter and exit." *Id*. at *5. The curb in the present case was not in the traffic path, and the bank could not have expected that a patron would walk backward over it without looking. Also, in *Allman*, there were numerous distractions at the entrance to the business that "drew the attention of patrons away from the curb." *Id*. There are no such distractions even alleged in the present case. Accordingly, *Allman* does not require reversal of the summary judgment.

*Allman* recognized that questions of duty, breach and causation, although normally questions of fact, "become questions of law. . . when the facts and inferences drawn therefrom permit reasonable persons to reach only one conclusion." *Id.* (*citing* *Kelley v. Johnson*, 796 S.W.2d 155, 157 (Tenn. Ct. App. 1990)). We hold that the facts and inferences therefrom in the present case permit reasonable persons to reach only one conclusion, *i.e.*, that the curb was visible and gave rise to no duty to warn and further that the plaintiff's failure to look where she was going was the cause of her accident rather than breach of any duty to warn that, theoretically, may have existed. In the absence of any reason for assigning fault to the bank, we decline to decide whether, if the bank is assumed to be at fault, the plaintiff was 50% or more at fault.

## V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Kathy Young and her husband, Donny Young. This case is remanded, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE