Sharon Garner JONES, Appellant,

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 05–93–00266–CV.

Court of Appeals of Texas, Dallas.

Feb. 16, 1994.

Rehearing Denied March 21, 1994.

Frank P. Hernandez, Dallas, for appellant.

Dennis J. Eichelbaum, Dallas, for appellee.

Before LAGARDE, MALONEY and ROSENBERG, JJ.

## OPINION

MALONEY, Justice.

Sharon Garner Jones sued to enjoin the Dallas Independent School District (DISD) from declining to recommend her for teacher certification and offer her new placement. The trial court granted DISD's plea to the jurisdiction and dismissed Jones's suit with prejudice. In one point of error, Jones argues the trial court erred in dismissing her cause. Because we conclude that Jones must exhaust her administrative remedies before suing in district court, we affirm.

## FACTUAL BACKGROUND

Jones was a special education teacher participating in DISD's alternative teacher certification program.[1] DISD's Review Committee for Certification declined to recommend Jones for certification and notified her that she was ineligible for another employment contract with the district because she was not certified.[2] Jones then sued DISD in district court alleging that the decision was in retaliation for her filing a workers' compensation claim. The trial court dismissed her suit for want of jurisdiction. DISD's plea to the jurisdiction alleged, among other things, that Jones failed to exhaust her administrative remedies.

## ADMINISTRATIVE REMEDIES

In Jones's sole point of error, she contends that the trial court erroneously dismissed her cause of action. She maintains that she had no duty to exhaust administrative remedies because she sued under the retaliatory discharge provision of the Texas Workers' Compensation Act. Jones argues that this provision does not require her to exhaust administrative remedies. *See* TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp.1993).[3] DISD re-

---

1. Texas requires that all public school teachers be certified by the Texas Education Agency. The Texas Education Code allows a prospective teacher who does not meet the requirements for regular certification to become certified under an alternative certification program. TEX.EDUC.CODE ANN. § 13.035 (Vernon 1991 & Supp.1994).

2. DISD's letter to Jones stated that the committee "rendered the following decision: To Deny Certification." On appeal, DISD contends that it has no authority to certify Jones. DISD argues that the review committee actually decided not to recommend Jones for certification by the Texas

Education Agency. Whether DISD actually denied certification or failed to recommend Jones for certification does not affect our disposition of this appeal.

3. This section was in force at the time Jones filed her lawsuit. It has since been repealed. However, the new Texas Labor Code incorporates this statute in essentially the same language. Act of May 7, 1971, 62nd Leg.R.S., ch. 115, 1971 Tex. Gen.Laws 884, repealed by Act of May 22, 1993, 73rd Legislature, R.S., ch. 269, § 5(1), 1993 Tex. Gen.Laws 1273, (current version at TEX.LABOR CODE ANN. §§ 451.001—451.003 (Vernon 1994)).

sponds that Jones's failure to exhaust administrative remedies deprived the district court of jurisdiction.

### 1. Applicable Law

■ Texas requires that an aggrieved party must first exhaust all remedies provided under the statutory administrative scheme if the subject matter: (1) concerns the administration of school laws, and (2) involves questions of fact. *Mission Indep. Sch. Dist. v. Diserens*, 144 Tex. 107, 111, 188 S.W.2d 568, 570 (1945). An aggrieved party is not required to exhaust administrative remedies when only a question of law exists. *Benton v. Wilmer–Hutchins Indep. Sch. Dist.*, 662 S.W.2d 696, 698 (Tex.App.—Dallas 1983, writ dism'd); *Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246, 248 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

■ Requiring exhaustion of administrative remedies is not meant to deprive an aggrieved party of any legal rights. It is meant to provide an orderly procedure by which aggrieved parties may enforce those rights. *Hinojosa v. San Isidro Indep. Sch. Dist.*, 273 S.W.2d 656, 657–58 (Tex.Civ.App.—San Antonio 1954, no writ).

■ An employee who alleges that a school district wrongfully terminated her employment contract must apply to the school authorities for relief before filing suit in the district court. *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Benavides*, 681 S.W.2d at 248; *Farrar v. Colorado Indep. Sch. Dist.*, 444 S.W.2d 204, 206 (Tex.Civ.App.—Eastland 1969, writ ref'd n.r.e.); *Daniel v. Dallas Indep. Sch. Dist.*, 351 S.W.2d 356, 357 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.); *see generally Caramanian v. Houston Indep. Sch. Dist.*, 829 S.W.2d 814, 816 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Ball v. Kerrville Indep. Sch. Dist.*, 504 S.W.2d 791, 793–94 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). Texas law gives the Commissioner of Education the power to reverse a termination or contract nonrenewal on appeal. *See Seifert v. Lingleville Indep. Sch. Dist.*, 692 S.W.2d 461, 463 (Tex.1985); TEX.EDUC.CODE ANN. §§ 11.13, 13.115, 21.207 (Vernon 1987 & Supp.1994).

■ Texas allows immediate access to the courts when:

1. The exhaustion of administrative remedies will cause irreparable injury, or administrative remedies are inadequate. *Houston Fed'n of Teachers v. Houston Indep. Sch. Dist.*, 730 S.W.2d 644, 646 (Tex.1987);

2. An administrative agency acts without authority. *Mitchison*, 803 S.W.2d at 773; *Alvin Indep. Sch. Dist. v. Cooper*, 404 S.W.2d 76, 78 (Tex.Civ.App.—Houston [1st Dist.] 1966, no writ); or

3. A plaintiff raises Title 42 or constitutional claims. *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 91 n. 3 (Tex.1992).

### 2. Application of Law to Facts

■ DISD's Review Committee declined to recommend Jones for certification and then would not enter into a new contract with her for placement because she was not certified. After learning of DISD's decision, Jones filed suit. She did not seek administrative relief.

■ A school employee who alleges that she has been wrongfully terminated must apply to the school authorities for relief before seeking the jurisdiction of a district court. For purposes of exhaustion of administrative remedies, we perceive no legal difference between wrongfully terminating an employee and denying an employee new placement after wrongfully declining to recommend her for certification. Certainly either act would be part of school administration. Whether DISD's decision not to recommend Jones for certification and placement was in response to her workers' compensation claim is a question of fact. Any factual dispute regarding school administration must first be submitted to the school authorities unless the claim qualifies as an "exception" to the rule.

Jones meets none of the recognized exceptions to allow her to avoid exhausting her statutory administrative remedies. Jones does not allege that DISD violated her con-

stitutional rights nor that her claims arise under Title 42. *See* 42 U.S.C.A. § 1983 (West 1981). Nothing in the record suggests that an administrative appeal would have caused Jones irreparable injury. Nor does Jones allege or argue that she could not have received adequate relief through an appeal to school authorities. Jones does not question DISD's statutory authority to administer its alternative certification program and determine teacher placement within schools.[4]

We hold that Jones must exhaust available administrative remedies as a prerequisite to the district court's jurisdiction to hear her claims. Because Jones did not exhaust her administrative remedies, the district court had no jurisdiction. Because the district court had no jurisdiction, it properly dismissed her cause of action. We overrule Jones's point of error.

We affirm the trial court's judgment.

---

4. *See* Tex.Educ.Code § 13.035 (1991); 19 Tex.Admin.Code § 141.481 (West 1992) (Texas Education Agency, Teacher Certification).