Patricia BARRIENTOS, Appellant,

v.

YSLETA INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 08–93–00373–CV.

Court of Appeals of Texas,
El Paso.

July 14, 1994.

David A. Simmental, The Willows, El Paso, for appellant.

Patricia A. Macias, Rodriguez, Lewis & Collins, P.C., El Paso, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

*OPINION*

KOEHLER, Justice.

The question in this appeal is whether the trial court abused its discretion when it denied a teacher's application for a temporary injunction enjoining her school district employer from reassigning her from the second grade level to the sixth grade level within the same school. We dismiss the appeal for want of jurisdiction.

## RELEVANT FACTS

On or about April 30, 1993, Dolores De Avila, principal at Ysleta Elementary School, reassigned seven or eight teachers to different grade levels within the campus. These reassignments went into effect for the academic year 1993–94. Patricia Barrientos (Barrientos), Appellant, employed by Ysleta Independent School District (YISD), Appellee, was one of the teachers affected. She was reassigned from the second grade level to the sixth grade level. She then sued YISD for breach of contract, wrongful transfer[1], and injunctive relief to prevent her transfer in the interim, claiming that she would suffer irreparable harm and that the remedy at law was inadequate. After hearing, the trial court denied the requested temporary injunction. Barrientos subsequently perfected this appeal. See TEX.CIV.PRAC. & REM.CODE 51.014(4) (Vernon Supp.1994).

## JURISDICTIONAL QUESTION

A jurisdictional question has been raised by YISD which needs to be considered before proceeding to the merits of Barrientos' appeal. YISD contends that because Barrientos was "reassigned" rather than "transferred," she was required to exhaust certain administrative remedies under Section 11.13 of the Texas Education Code, which she failed to do, and therefore the trial court was without jurisdiction in this case. See TEX.EDUC.CODE ANN. § 11.13 (Vernon 1991).

Section 11.13 of the Education Code and the Texas Administrative Code, Title 19, § 157.1041 *et seq.* (1994), provide a comprehensive administrative appeal process for "persons having any matter of dispute among them arising under the school laws of Texas." When a teacher is being terminated, questions of fact are involved and must be appealed to administrative authorities before the teacher resorts to the courts. *Mitchison v. Houston Indep. School Dist.,* 803 S.W.2d 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Garcia v. Pharr, San Juan, Alamo Indep. School District,* 513 S.W.2d 636, 641 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.). In cases involving procedural complaints, an aggrieved party must exhaust all administrative remedies before resorting to the courts. *Mission Indep. School Dist. v. Diserens,* 144 Tex. 107, 188 S.W.2d 568, 570 (1945); *Butler v. State Bd. of Education,* 581 S.W.2d 751, 755 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Public Utility Commission v. City of Corpus Christi,* 555 S.W.2d 509, 512 (Tex.Civ. App.—Waco 1977, writ ref'd n.r.e.). The exhaustion of remedies requirement seems more obvious where the teacher's complaint is merely that she is being reassigned to another grade level within the same school rather than being transferred or terminated. An exception to the exhaustion of remedies requirement is recognized where the questions involved are pure questions of law. *Mitchison,* 803 S.W.2d at 772; *Ball v. Kerrville Indep. School District,* 504 S.W.2d 791, 794–95 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.). Barrientos' allegations raise fact questions, such as the reasonableness of the principal's decision to reassign her to the sixth grade and whether the principal had any retaliatory motive in making the reassignment.

As another exception to the exhaustion of remedies rule, an aggrieved party may appeal directly to the courts "[i]f the school board acted without authority and contrary to express statutes." *Mitchison,*

---

1. Although she had been a teacher for a number of years, Ms. Barrientos appeared confused about the difference between a "transfer" and an "assignment" or "reassignment." In school parlance, a transfer refers to the movement of a teacher's employment from one school or campus to another school or campus, whereas assignment and reassignment refer to appointment of the teacher to a particular grade or class within a school.

803 S.W.2d at 773. Barrientos has made no such allegation. In fact, the evidence at the temporary injunction hearing showed that the principal, Dolores De Avila, was reassigning Barrientos under the authority of Section 13.352 of the Education Code which requires that:

(d) Each principal shall:

(1) approve all teacher ... appointments for that principal's campus from a pool of applicants selected by the district or of applicants who meet the hiring requirements established by the district, based on criteria developed by the principal after informal consultation with the faculty; ....

TEX.EDUC.CODE ANN. § 13.352. As previously stated, there may be a fact question of whether a reassignment of a teacher to another grade level is reasonable or, as alleged by Barrientos, whether the reassignment was done for retaliatory motives, but those are matters that must first be presented in an administrative hearing.

■ There is one other exception to the exhaustion of administrative remedies rule: that "[i]f the party will suffer irreparable harm, and if the agency is unable to provide relief, the courts may properly exercise their jurisdiction to provide an adequate remedy." *Mitchison,* 803 S.W.2d at 773. The evidence at the injunction hearing indicated that as a result of the reassignment, Barrientos suffered no salary reduction and no increase in hours of work or preparation. Although she expressed some fear of being more vulnerable to involuntary transfers to other schools because of a loss of seniority as a second grade teacher, this appeared to be highly speculative with little or no foundation. In short, Ms. Barrientos has failed to show that she would have suffered irreparable harm by going through the administrative appeal process.

We thus conclude that because Barrientos failed to exhaust the administrative remedies available to her before filing suit in court, neither this Court nor the court below has jurisdiction of her claims. We therefore dismiss her suit, with all costs on appeal and in the court below to be adjudged against her.