NO. 07-03-0474-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 11, 2005

_____

DAVID A. BROWN, APPELLANT

V.

AMARILLO INDEPENDENT SCHOOL DISTRICT AND
THE COMMISSIONER OF EDUCATION, APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 91,333-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**OPINION**

By this appeal, appellant David A. Brown contends the trial court erred in dismissing his action against appellees, the Amarillo Independent School District (AISD) and the Commissioner of Education, for lack of jurisdiction. We affirm.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Brown was employed by AISD as a coach and educator pursuant to a term contract. By letter dated March 28, 2003, AISD notified Brown of the proposed non-renewal of his contract pursuant to section 21.206 of the Texas Education Code (Vernon 1996). After presentation of evidence and the superintendent's recommendation, the AISD Board of Trustees voted not to renew Brown's contract, and by letter of May 19, 2003, he was notified his employment would be terminated effective at the end of the term stated in his contract. Instead of relying on chapter 21 of the Education Code,[2] Brown filed a petition for review under section 7.057 of the Texas Education Code (Vernon Supp. 2004-05), and title 19, section 157.1041 of the Texas Administrative Code.[3]

In response to Brown's petition, AISD filed a motion to dismiss for lack of jurisdiction noting that Brown proceeded under section 7.057 and had failed to exhaust his administrative remedies because the Commissioner had not entered a final order under that section. The Commissioner filed a plea to the jurisdiction alleging similar grounds. A Senior Administrative Law Judge issued a proposal for decision recommending that the Commissioner of Education dismiss Brown's case for failing to file a proper petition for review. A final ruling, however, was not entered by the Commissioner.

---

[2]Section 21.301 applies to an appeal by a teacher of a board's decision not to renew an employment contract.

[3]Brown asserts in his brief that he mistakenly relied on section 7.057 in his petition for review and that the Administrative Law Judge denied his request to amend his petition.

## Standard of Review

Subject matter jurisdiction is never presumed. Tex. Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 443-44 (Tex.1993). The existence of a court's subject matter jurisdiction over a case or controversy is a legal question. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999). Accordingly, the standard of review is *de novo. Id*. In examining jurisdiction vested in Texas courts by a statute, the most important rule is to ascertain and give effect to the Legislature's intent. *See* State v. Hodges, 92 S.W.3d 489, 494 (Tex. 2002). The Legislature's intent is determined by examining the language used in the statute within the context of the entire statute. *See id.*

Because a court deciding a plea to the jurisdiction is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issue, *see* Bland Independent School Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000), appellate review is of the pleadings and evidence relevant to the jurisdictional issue. *See* Texas Dep't. of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). Whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is a question of law. Texas Dep't. of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). If the evidence creates a fact question regarding the jurisdictional issue, then the plea to the jurisdiction may not be granted until the fact issue is resolved by the fact finder. *See id.*

3

By his only issue, Brown challenges the propriety of the trial court's dismissal of his case for lack of jurisdiction. AISD and the Commissioner of Education respond that the dismissal was proper. We agree with their position.

Although Brown initiated an administrative proceeding, he was not entitled to judicial review until he exhausted his administrative remedies. Tex. Educ. Agency v. Cypress-Fairbanks, 830 S.W.2d 88, 90 (Tex. 1992). *See also* Roberts v. Hartley Indep. School Dist., 877 S.W.2d 506, 507 (Tex.App.--Amarillo 1994, writ denied).

By the Term Contract Nonrenewal Act (TCNA),[4] the Legislature created an administrative procedure by which a school teacher employed under a term contract may seek judicial review of a district's decision not to renew a contract. *See* Peaster Indepen. School Dist. v. Glodfelty, 63 S.W.3d 1, 4 (Tex.App.--Fort Worth 2001, no pet.). Section 21.209 requires that an appeal be taken to the Commissioner of Education and thereafter to a district court per section 21.307. Brown did not initiate an administrative challenge under chapter 21, but instead sought relief under section 7.057. Subsection(e)(1) of that section provides that it does not apply to proceedings under TCNA. Moreover, judicial review of an administrative decision under section 7.057 is limited to a district court in Travis County.

---

[4]Tex. Educ. Code Ann. §§ 21.201 - .213 (Vernon 1996 & Supp. 2004-05).

We conclude Brown did not exhaust his administrative remedies and hold that the trial court did not err in dismissing his case for lack of jurisdiction. Brown's only issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice