COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
YSLETA INDEPENDENT SCHOOL                ) 
DISTRICT,                                                        )                  No. 08-05-00056-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  327th District Court
)
JOSE GRIEGO,                                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 2004-3467)

O P I N I O N

            The Ysleta Independent School District appeals the denial of its motion to dismiss for lack
of jurisdiction. This is an accelerated interlocutory appeal pursuant to Section 51.014(a)(8) of the
Texas Civil Practice and Remedies Code. We reverse and render.
FACTUAL SUMMARY
            Jose Griego was employed as a counselor at the Ysleta Independent School District (YISD) 
until 2004 pursuant to a term contract. By letter dated March 10, 2004, YISD notified Griego of the
proposed non-renewal of his contract pursuant to Section 21.206 of the Texas Education Code. 
Griego requested the assignment of a certified hearing examiner and a hearing was conducted on
May 17, 18, and 19. On July 2, the hearing examiner issued findings of fact and conclusions of law
and recommended non-renewal. The report included a finding that Griego had violated district
policies and Family Code Section 261.101 by failing to report suspected child abuse or neglect, and
had only minimally cooperated in a police investigation into the abuse. On July 21, the Board of
Trustees adopted the hearing examiner’s recommendation and voted for non-renewal. Griego did
not file an appeal to the Commissioner of Education. 
            Griego then sued YISD alleging he was terminated because he cooperated in good faith with
an investigation by a governmental entity relating to an allegation of child abuse or neglect. YISD
filed a general denial and raised the affirmative defense of Griego’s failure to exhaust administrative
remedies. It then filed a motion to dismiss for lack of jurisdiction based on that defense. The trial
court denied the motion. 
STANDARD OF REVIEW 
            A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action
without regard to whether the claims have merit. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554 (Tex. 2000). A plea to the jurisdiction contests the trial court’s authority to determine the
subject matter of the cause of action. Cornyn v. County of Hill, 10 S.W.3d 424, 427 (Tex.App.--Waco 2000, no pet.). Subject matter jurisdiction is a legal question which we review de novo. Id. 
                         FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
            Under the Term Contract Nonrenewal Act, the Legislature created an administrative
procedure by which a school teacher


 who is employed under a term contract may seek
judicial review of a district’s decision not to renew the contract. Brown v. Amarillo Indep. Sch.
Dist., ___ S.W.3d ___, 2005 WL 331570, at *1 (Tex.App.--Amarillo 2005, no pet.)(not yet released
for publication). If the teacher desires a hearing after receiving notice of the proposed nonrenewal,
the teacher shall notify the Board of Trustees in writing not later than the fifteenth day after the date
the teacher receives the notice of the proposed action. The Board must provide a hearing to be held
not later than the fifteenth day after the date the Board receives the request unless the parties
otherwise agree in writing. Tex.Educ.Code Ann. §§ 21.207(a), 21.253(a)(Vernon 1996 & Vernon
Supp. 2004-05). If a hearing is requested, the Board must take the appropriate action to renew or
not renew the contract and notify the teacher in writing not later than the fifteenth day after the date
on which the hearing is concluded. Tex.Educ.Code Ann. § 21.208(b). A teacher who is aggrieved
by a decision of the Board on nonrenewal may appeal to the Commissioner of Education. 
Tex.Educ.Code Ann. §§ 21.209, 21.301. The Commissioner’s decision may then be appealed to
(1) a district court in the county in which the district’s central administrative offices are located or
(2) if agreed by all parties, a district court in Travis County. Tex.Educ.Code Ann. § 21.307. 
            By statute, professionals


 are required to report suspected acts of child abuse or neglect. 
Tex.Fam.Code Ann. § 261.101(b)(Vernon 2002). 
(b) An employer may not suspend or terminate the employment of, or otherwise
discriminate against, a person who is a professional and who in good faith: 
 
(1) reports child abuse or neglect to: 
(A) the person’s supervisor; 
(B) an administrator of the facility where the person is employed; 
(C) a state regulatory agency; or 
(D) a law enforcement agency; or 
 
(2) initiates or cooperates with an investigation or proceeding by a
governmental entity relating to an allegation of child abuse or neglect.

Tex.Fam.Code Ann. § 261.110(b). A person whose employment is suspended or terminated or who
is otherwise discriminated against in violation of this Section may sue for injunctive relief, damages,
or both. Tex.Fam.Code Ann. § 261.110(c). A public employee who alleges a violation of Section
261.110 may sue the employing state or local governmental entity for the relief provided for by this
Section, and sovereign immunity is waived to the extent of liability created by this section. 
Tex.Fam.Code Ann. § 261.110(f). A suit under this section may be brought in a district or county
court of the county in which: (1) the plaintiff was employed by the defendant; or (2) the defendant
conducts business. Tex.Fam.Code Ann. § 261.110(j). 
            Texas requires that an aggrieved party must first exhaust all remedies provided under the
statutory administrative scheme if the subject matter: (1) concerns the administration of school laws,
and (2) involves questions of fact. Mission Indep. Sch. Dist. v. Diserens, 188 S.W.2d 568, 570 (Tex.
1945). Requiring exhaustion of administrative remedies is not meant to deprive an aggrieved party
of any legal rights. It is meant, rather, to provide an orderly procedure by which aggrieved parties
may enforce those rights. Hinojosa v. San Isidro Indep. Sch. Dist., 273 S.W.2d 656, 657-58
(Tex.Civ.App.--San Antonio 1954, no writ). An employee who alleges that a school district
wrongfully terminated an employment contract must apply to the school authorities for relief before
filing suit in the district court. Id. at 658. Texas law gives the Commissioner of Education the
power to reverse a termination or contract nonrenewal on appeal. Id. 
            On appeal, YISD argues that Griego failed to exhaust his administrative remedies. In support
of this argument, it directs us to Jones v. Dallas Independent School District, 872 S.W.2d 294
(Tex.App.--Dallas 1994, writ denied) and Barrientos v. Ysleta Independent School District, 881
S.W.2d 159 (Tex.App.--El Paso 1994, no writ). In Jones, a special education teacher participating
in an alternative certification program was denied certification by the review committee. Id. at 295. 
Jones sued the school district alleging the decision was made in retaliation for her filing a workers’
compensation claim. Id. The trial court dismissed her claim for want of jurisdiction. Id. Jones
appealed, arguing that she had no duty to exhaust administrative remedies since she sued under the
retaliatory discharge provision of the Texas Workers’ Compensation Act. Id. The Dallas Court of
Appeals opined that a school employee who alleges that she has been wrongfully terminated must
apply to the school authorities for relief before seeking the jurisdiction of a district court. Id. The
court found that whether the school district’s decision not to recommend Jones for certification and
placement was in response to her workers’ compensation claim was a question of fact and that any
factual dispute regarding school administration must first be submitted to the school authorities
unless the claim qualifies as an “exception” to the rule. Id. Since no exception applied and since
Jones failed to exhaust her administrative remedies, the trial court did not have jurisdiction to
entertain her claim. Id. at 297.
            In Barrientos, a teacher was reassigned from a second grade level to a sixth grade level. 881
S.W.2d at 160. Barrientos sued, alleging she was transferred for retaliatory reasons. Id. YISD
argued that Barrientos was required to exhaust all administrative remedies under Section 11.13 of
the Texas Education Code, the predecessor of Section 7.057.


 Id. Section 11.13 provided a
comprehensive administrative appeal process for “persons having any matter of dispute among them
arising under the school laws of Texas.” Id. We stated that “[w]hen a teacher is being terminated,
questions of fact are involved and must be appealed to administrative authorities before the teacher
resorts to the courts.” Id. We decided that Barrientos’s allegations raised questions of fact, such as
the reasonableness of the principal’s decision to reassign her to the sixth grade and whether the
principal had any retaliatory motive in making the reassignment. Id. We concluded that since
Barrientos had not shown any of the exceptions to exhausting administrative remedies applied and
since she had not exhausted administrative remedies, the trial court did not have jurisdiction over
her claims. Id. at 161. 
            Griego responds that there is no requirement in the Family Code that he must first exhaust
his administrative remedies. He complains that Section 11.13 of the Texas Education Code has been
repealed and replaced by Section 7.057, in which the Legislature made clear that the new section was
not intended to deny employees other remedies. Griego contends that he is not contesting the
“school laws of [the] state” nor an action by the Ysleta School Board concerning the “school laws
of [the] state” or “a provision of a written employment contract.” Instead, he is contesting employer
retaliation under Section 261.110 of the Family Code. Greigo maintains that he must only exhaust
administrative remedies if his complaint involves school laws or an employment contract, which is
not the case here. We disagree.
            Griego was a term contract employee of YISD. He was notified of the proposed nonrenewal
of his contract for numerous reasons, including his failure to properly report an allegation of child
abuse. He duly requested the assignment of a certified hearing examiner and he was afforded a
hearing. The hearing examiner recommended non-renewal of his contract and specifically found that
Griego had failed to report suspected child abuse or neglect, had responded only minimally to a
police investigation, and had violated Family Code Section 261.101. The Board properly notified
Griego of its decision to non-renew his contract. Griego’s next remedy was to appeal the board
decision to the Commissioner of Education. See Tex.Educ.Code Ann. § 21.209. 
            We conclude that Griego cannot maintain a cause of action for employer retaliation. See
Tex.Fam.Code Ann. § 261.110. The Legislature has specified that the administrative remedies set
out in the Education Code apply to counselors who are contractual employees. Tex.Educ.Code
Ann. §§ 21.201(1); 21.209; 21.301. Because Griego was required to first exhaust his administrative
remedies under Chapter 21 of the Education Code before pursuing his action for employer retaliation
under the Family Code, the trial court lacked jurisdiction. We sustain the issue for review, reverse
and render judgment dismissing the suit. 


July 28, 2005                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice


Before Panel No. 5
Barajas, C.J., McClure, and Parks, JJ.
(Parks, J., sitting by assignment)