In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00068-CV


____________________



JAMIE WILSON, Appellant



V.



WEST ORANGE-COVE CONSOLIDATED


 INDEPENDENT SCHOOL DISTRICT and O.T. COLLINS, Appellees






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-070690-C






MEMORANDUM OPINION


 This is an appeal from the trial court's grant of a Motion to Dismiss for Lack of
Jurisdiction in favor of defendants. We dismiss this appeal as moot.

 Appellant, Jamie Wilson was employed by West Orange-Cove Consolidated
Independent School District ("District") as an assistant principal under a two-year term
contract of employment. On or around March of 2007 Wilson was reprimanded for unethical
conduct by Superintendent O.T. Collins. (1) Wilson appealed the reprimand through Level IV
of the district's grievance policy, but did not pursue an administrative appeal of the School
Board's final decision to the Commissioner of Education. See Tex. Educ. Code Ann. §
7.057 (Vernon 2006). (2) 

 At the beginning of the 2007-2008 school year, Wilson was evaluated for her job
performance during the 2006-2007 year. Wilson's performance was rated as "Below
Expectations" in several areas and she was placed on a Professional Growth Plan. (3) Wilson
filed a grievance on August 31, 2007, over her evaluation and placement on the Professional
Growth Plan. Wilson pursued the grievance through Level III of the school district's
grievance process. A final Level III decision was still pending when she filed the present
suit. 

 In October of 2007 Wilson was involved in the placement of a student in the special
education classroom. In November of 2007 Collins informed Wilson that the placement was
made in violation of federal law. (4) Wilson was placed on administrative leave with pay while
the incident was investigated. On November 27, 2007, Wilson was notified that Collins
planned to propose a recommendation that her term contract with the district be
"nonrenewed" at a meeting of the Board of Trustees on January 7, 2008. 

 On December 13, 2007, Wilson and her counsel participated in the Level III grievance
hearing with Collins, which was related to her previous performance evaluation and
placement on the Professional Growth Plan. The following day, with the Level III grievance
decision still pending, Wilson filed the instant lawsuit against the school district and Collins. (5)
Wilson sought declaratory and injunctive relief. The trial judge granted Wilson's request for
a temporary restraining order enjoining the school district from "doing anything or taking any
act in furtherance of the suspension or non-renewal and termination of employment of the
Plaintiff . . . pending an evidentiary hearing. . . ." On December 20, 2007, the school district
filed a Motion to Dismiss for Lack of Jurisdiction arguing that the suit should be dismissed
because (1) Wilson failed to exhaust her administrative remedies under the Texas Education
Code prior to filing suit; and (2) Wilson did not have a justiciable controversy ripe for
declaratory relief. The temporary restraining order was extended by agreement until a
hearing could be had on the school district's Motion to Dismiss. 

 Prior to the hearing, Wilson filed her First Amended Petition. Wilson alleged that the
school district's reprimands were made in retaliation for openly associating with and
supporting a colleague who had a pending discrimination suit against the district. She also
alleged that she was denied fundamental rights with respect to the proposed nonrenewal of
her contract. Wilson sought a declaration that the school district had violated her state
constitutional rights. Wilson also asked the Court to "temporarily restrain Defendant from
continuing to suspend Wilson from her employment, mandatorily reinstate Wilson to her
position of employment . . . , [and] temporarily enjoin Defendant from suspending Wilson
from her employment" without securing a court order. Wilson did not assert any other causes
of action against defendants or seek monetary damages. The court held an evidentiary
hearing on the jurisdictional issues on January 22, 2008. After hearing evidence and
argument of both parties, the Court granted the Motion to Dismiss. 

 Following dismissal of Wilson's lawsuit by the trial court, Collins entered his Level
III grievance decision on Wilson's second grievance. Wilson did not further pursue that
grievance. On February 4, 2008, Collins proposed his recommendation for nonrenewal of
Wilson's term contract to the District's Board of Trustees. The Board of Trustees held a
hearing on the proposed nonrenewal on February 11, 2008, and voted to nonrenew Wilson's
contract at the end of the 2007-2008 school year. Wilson did not appeal this decision to the
Commissioner of Education in accordance with the Texas Education Code. See Tex. Educ.
Code Ann. §§ 21.209, 21.301 (Vernon 2006). (6) It is undisputed that Wilson was notified of
the board's decision and that the deadline for Wilson to appeal the decision expired in March
of 2008. See Tex. Educ. Code Ann. § 21.301(a). 

 On appeal, Wilson argues that the trial court erred in granting the motion to dismiss
for lack of jurisdiction. Specifically, she argues that (1) because her claims are for "actions
in violation of her constitutional rights[,]" she is not required to exhaust her administrative
remedies under the Education Code; and (2) her claims are not based on adverse action to her
employment contract and are not subject to the administrative remedies in the statute. The
school district sets forth several arguments in response, including the argument that the
instant appeal is now moot. We agree this appeal is moot and dismiss it without addressing
the merits.

 "For a plaintiff to have standing, a controversy must exist between the parties at every
stage of the proceedings, including the appeal." Williams v. Lara, 52 S.W.3d 171, 184 (Tex.
2001) (citing United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36
(1950)). If the parties lack a legally cognizable interest in the outcome of the case, or a
court's actions cannot affect the rights of the parties, the case becomes moot. See id; see also
Pinnacle Gas Treating, Inc. v. Read, 104 S.W.3d 544, 545 (Tex. 2003). If a judgment, when
rendered, will not have practical legal affect upon the parties, the case is moot. See Houston
Indep. Sch. Dist. v. Houston Teachers Ass'n, 617 S.W.2d 765, 766-67 (Tex. Civ. App.--Houston [14th Dist.] 1981, no writ). The Fourteenth Court of Appeals explained,

 This court will not proceed to a determination when its judgment would be
wholly ineffectual for want of a subject-matter on which it could operate. An
affirmance would ostensibly require something to be done which had already
taken place. A reversal would ostensibly avoid an event which had already
passed beyond recall. One would be as vain as the other. To adjudicate a
cause which no longer exists is a proceeding which this court uniformly has
declined to entertain.


Id. (quoting Brownlow v. Schwartz, 261 U.S. 216, 217-18, 43 S.Ct. 263, 67 L.Ed. 620
(1923)). "If a case becomes moot, the parties lose standing to maintain their claims." 
Williams, 52 S.W.3d at 184.

 Wilson's declaratory judgment action seeks a declaration that her state constitutional
rights were violated. The allegations made in support of Wilson's claims relate to the alleged
motive behind the school district's reprimands (including her below expectations evaluation,
placement on a Professional Growth Plan, her subsequent suspension, and ultimately the
proposed nonrenewal of her contract). Wilson further alleges that she was not afforded due
process with respect to the District's reprimands. Wilson's declaratory judgment action
seeks to enjoin the District from suspending her from employment and also seeks mandatory
reinstatement to her former position under her employment contract. However, Wilson's
contract is no longer in effect. 

 Once Wilson's contract was nonrenewed, the authority to reverse that decision and
reinstate Wilson rested with the Commissioner of Education. See Tex. Educ. Code Ann.
§§ 21.209, 21.301; see also Ysleta Indep. Sch. Dist. v. Griego, 170 S.W.3d 792, 795 (Tex.
App.--El Paso 2005, pet. denied) (Texas law gives Commissioner of Education power to
reverse nonrenewal of contract on appeal); Harlandale Ind. Sch. Dist. v. Rodriguez, 121
S.W.3d 88, 94 (Tex. App.--San Antonio 2003, no pet.) (citing Roberts v. Hartley Indep.
Scho. Dist., 877 S.W.2d 506, 508 (Tex. App.--Amarillo 1994, writ denied)) (Commissioner
of Education has the authority to reverse a decision of the school board and reinstate a
teacher or administrator.). It is undisputed that Wilson did not appeal the school district's
decision to nonrenew her contract at the administrative level. An employee who wishes to
contest nonrenewal must apply to school authorities for relief before seeking relief in the
courts. See Ysleta Indep. Sch. Dist., 170 S.W.3d at 795; see also Tex. Educ. Code Ann. §
21.307 (Vernon 2006). Because Wilson chose not to contest the school district's decision,
that decision is final. See Ysleta Indep. Sch. Dist., 170 S.W.3d at 794-97.

 Wilson's declaratory judgment action also sought a declaration that her state
constitutional rights were violated. A declaratory judgment that the school district violated
Wilson's constitutional rights would serve no purpose. Such a declaration would neither
work to enjoin the school district from further suspending Wilson, nor would it mandate
reinstatement under her employment contract because she no longer has an employment
contract with the district. A judgment in the underlying case would have no practical legal
effect upon the parties; it would do no more than attempt to "avoid an event which [has]
already passed beyond recall." Houston Indep. Sch. Dist., 617 S.W.2d at 767. Wilson made
no other claims and sought no other relief against the defendants; therefore, the controversy
between the parties has ceased to exist. See generally City of Alamo v. Montes, 934 S.W.2d
85 (Tex. 1996) (Secretary's claim that she was discharged for political reasons, for which she
had been awarded an injunction requiring her reinstatement, was rendered moot on appeal
when she resigned from employment). We need not determine whether the trial court erred
in dismissing this case for lack of jurisdiction. We dismiss this appeal as moot.

 DISMISSED AS MOOT.


 
 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008 

Opinion Delivered February 12, 2009


Before McKeithen, C.J., Gaultney and Kreger, JJ.




CONCURRING OPINION


 I would affirm the trial court's order. Appellant was required to exhaust her
administrative remedies before proceeding in court, but I respectfully suggest appellant's
underlying claim for reinstatement, and her appeal challenging the trial court's ruling, are not
moot. The job still exists; the legal issue still exists; she asserts she is entitled to
reinstatement despite her nonparticipation in the administrative process. Compare Speer v.
Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227, 228-230 (Tex. 1993). 
Although her appeal is not moot, it has no merit. Her claims do not present pure questions
of state constitutional law, and she was required to exhaust her administrative remedies. See
Ysleta Indep. Sch. Dist. v. Griego, 170 S.W.3d 792, 794-97 (Tex. App.--El Paso 2005, pet.
denied). 


 ____________________________

 DAVID GAULTNEY

 Justice


Concurrence Delivered

February 12, 2009
1. Wilson was reprimanded for allegedly viewing, during school hours, a videotaped
deposition that Collins gave in an unrelated lawsuit that was then pending against the
District. After the reprimand was given to Wilson, a copy was placed in her personnel file. 
 
2. The Commissioner of Education is authorized to review claims in which the person
"is aggrieved by" . . . the "school laws of this state"; or actions or decisions by a school board
that violate either school laws of the state or a provision of a written employment contract
between a school district and an employee of the district if the violation would cause the
employee to suffer monetary harm. Tex. Educ. Code Ann. § 7.057(a) (Vernon 2006). The
term "school laws of this state" is defined to include all statutes contained in Titles 1 and 2
of the Education Code and "rules adopted under those titles." Id. § 7.057(f)(2). 
3. One of the primary reasons for the unsatisfactory evaluation and Professional Growth
Plan was the District's receipt of a complaint from the Office of Civil Rights in May 2007
involving Wilson's interaction with the parent of a student the previous October. In the
complaint filed with the Office of Civil Rights of the United States Department of Justice,
the parent alleged that she had complained to Wilson that the parent's son had been
repeatedly subjected to racial slurs on the school bus and that nothing had been done to
address the issue. 
4. The school district maintains that the placement of the student had been done without
completing the Admission, Review, and Dismissal ("ARD") process, and that the student's
parent had not given "knowing, written consent" for the placement.
5. In her amended petition, Wilson sued Collins in "individual and official capacities."
However, before evidence was heard on the motion to dismiss, Wilson's counsel made a trial
amendment nonsuiting Collins in his individual capacity and maintaining the suit against
Collins in his official capacity only. 
6. Section 21.209 provides that "[a] teacher who is aggrieved by a decision of a board
of trustees on the nonrenewal of the teacher's term contract may appeal to the commissioner
for a review of the decision of the board of trustees in accordance with the provisions of
Subchapter G." Tex. Educ. Code Ann. § 21.209. Section 21.301 provides that 


 [n]ot later than the 20th day after the date the board of trustees or board
subcommittee announces its decision under Section 21.259 or the board
advises the teacher of its decision not to renew the teacher's contract under
Section 21.208 [decision of board to nonrenew], the teacher may appeal the
decision by filing a petition for review with the commissioner. 


Tex. Educ. Code Ann. § 21.301(a). Chapter 21 defines a "teacher" as "a superintendent,
principal, supervisor, classroom teacher, counselor, or other full-time professional employee
who is required to hold a certificate issued under Subchapter B or a nurse." Tex. Educ. Code
Ann. § 21.201(1) (Vernon 2006) (emphasis added).