**Opinion issued July 2, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00018-CV

————————————

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**LATASHA ROSE, Appellee**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-55190**

---

## MEMORANDUM OPINION

Latasha Rose worked for Houston Independent School District (HISD) under a one-year term contract during the 2010–2011 school year. As part of a reduction in force, HISD notified Rose in spring 2012 that it was eliminating her position and decided not to renew her contract for the upcoming school year. Rose initiated an administrative grievance pursuant to the Texas Education Code, but

filed this suit before exhausting the statutorily prescribed review procedures. *See* TEX. EDUC. CODE ANN. § 21.207–.209 (West 2012). HISD responded with a plea to the jurisdiction, contending that Rose's failure to exhaust her administrative remedies left the trial court without subject-matter jurisdiction to hear her claims. The trial court granted the plea in part, but refused to dismiss Rose's request for a declaration that "HISD has violated her state constitutional rights under Article I, Section 3 and Section 8 of the Texas Constitution." In this interlocutory appeal, HISD contends that the trial court erred in denying its plea to the jurisdiction as to Rose's claim for declaratory relief. We reverse and dismiss the suit for lack of jurisdiction.

## Background

At the beginning of the 2011–2012 school year, Rose held the position of Magnet Coordinator at the High School for Law Enforcement and Criminal Justice (LECJ), working under a one-year term contract. Early in the year, according to Rose's live pleading, Carol Mosteit, LECJ's Principal, sent Rose an email informing her of her decision to deny admission to a disabled child. Believing that Mosteit's decision violated school policy and the law, Rose forwarded the email to the child's mother. Rose's actions came to light when the parent complained to the school about her child's rejection, and Rose was disciplined for engaging in unprofessional conduct.

At or around the same time, Rose's husband's Facebook page had a post that contained critical comments. The post did not name the target of the comments, but described the person as having idiosyncrasies that Mosteit had, making it apparent that the comments referred to Mosteit.

Following these incidents, Rose was transferred to Lamar High School to serve as the bookroom custodian, an assignment with fewer responsibilities and lower status. Rose filed a grievance against Mosteit and the school improvement officer complaining of the transfer. After Rose filed the grievance, she was removed from the bookroom position and given an instructional assignment at Lamar.

Mosteit allegedly told Rose that she could return to the magnet coordinator position at LECJ if she would agree to certain conditions, including the dismissal of her grievance against Mosteit. Rose agreed, and she was reinstated as LECJ's magnet coordinator.

In late 2010, HISD's superintendent announced that anticipated budget cuts required a district-wide reduction in force (RIF). After the Texas Legislature announced the cuts in the spring of 2011, Mosteit notified Rose that the district was eliminating her position as part of the RIF, and Rose learned that her contract would not be renewed.

Rose filed an administrative grievance challenging the non-renewal decision. An independent examiner found that the district administration had met its burden in recommending non-renewal to the Board. The Board upheld the nonrenewal decision. Rose appealed that decision to the Commissioner of Education, who concluded that substantial evidence supported the Board's decision.

A month before the Commissioner's decision, Rose instituted this lawsuit, claiming that HISD violated her state constitutional rights and seeking declaratory relief, as well as injunctive relief in the form of reinstatement and an order prohibiting HISD from further violating her constitutional rights. In her live pleading, Rose contends that she exercised protected speech under Article One, Section 8 of the Texas Constitution when she, on August 24, 2010, communicated Principal Mosteit's decision not to admit the disabled child to LECJ to the child's mother. Rose alleges that, but for her communication with the disabled child's mother and her husband's Facebook post, she would not have received the demotion. Rose further contends that HISD "deprived her of rights secured by the Texas Constitution, Article One, Sections 3 and 19" in conditioning her return to the magnet coordinator position on the dismissal of her grievance against Mosteit.

In addressing the administrative action, Rose alleges that she "exhausted her administrative remedies by appealing to the HISD Board of Education; however, the Board . . . prevented Rose from challenging the substantive motive of her

termination, thereby depriving her of her protected interests without procedural safeguards."

**Plea to the Jurisdiction**

*Standard of Review*

We review the trial court's ruling on a plea to the jurisdiction de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). In a plea to the jurisdiction, a defendant may challenge either the pleadings or existence of jurisdictional facts. *See Miranda*, 133 S.W.3d at 226–28. In response, the plaintiff must allege facts that affirmatively establish the trial court's subject-matter jurisdiction. *Holland*, 221 S.W.3d at 642; *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In determining whether the plaintiff has satisfied this burden, we construe the pleadings liberally in the plaintiff's favor and uphold the denial of the plea if the plaintiff has alleged facts affirmatively demonstrating jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226–27; *Smith v. Galveston Cnty.*, 326 S.W.3d 695, 697–98 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

*Administrative Exhaustion Requirement*

Generally, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action.

*Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (citing *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000)). Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *Id.* "Requiring exhaustion of administrative remedies is not meant to deprive an aggrieved party of any legal rights. It is meant, rather, to provide an orderly procedure by which aggrieved parties may enforce those rights." *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex. App.—El Paso 2005, pet. denied). The policy behind the exhaustion-of-administrative-remedies doctrine is to allow the agency to resolve disputed issues of fact and policy and to assure that the appropriate body adjudicates the dispute. *Essenburg v. Dall. Cnty.*, 988 S.W.2d 188, 189 (Tex. 1998).

The Texas Commissioner of Education has exclusive jurisdiction over "(1) the school laws of this state; or (2) actions or decisions of any school district board of trustees that violate: (A) the school laws of this state, or (B) a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee." TEX. EDUC. CODE ANN. § 7.057(a) (West 2012); *Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 128 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). "This grant of exclusive jurisdiction requires such claimants to exhaust local

school district grievance procedures before filing suit." *Larsen*, 296 S.W.3d at 128; *see Subaru of Am., Inc.*, 84 S.W.3d at 221 (Tex. 2002) (citing *Bennett*, 35 S.W.3d at 15). Texas law requires a contractual school district employee like Rose to exhaust administrative remedies if the subject matter concerns administration of school laws and involves questions of fact. *Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90–91 (Tex. 1992); *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *see also Larsen*, 296 S.W.3d at 120. Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction.

The Term Contract Nonrenewal Act, found in Chapter 21 of the Texas Education Code, governs Rose's employment relationship with HISD. The Act provides an administrative procedure that allows a person employed by a school district under a term contract to seek judicial review of a district's decision not to renew the contract. *See Griego*, 170 S.W.3d at 794; *see also Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366–67 (Tex. App.—San Antonio 2004, no pet.). Under the Act, a district employee who is aggrieved by the nonrenewal of a term contract must exhaust the prescribed administrative remedies before seeking redress in the courts. *See* TEX. EDUC. CODE ANN. § 21.209 (West 2012); *see also Brown v. Amarillo Indep. Sch. Dist.*, 190 S.W.3d 7, 10 (Tex. App.—Amarillo

2005, no pet.) (citing *Tex. Educ. Agency v. Cypress—Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992)).

It is undisputed that Rose pursued the administrative process through an appeal to the Commissioner of Education. *See* TEX. EDUC. CODE ANN. § 21.301–304. It is also undisputed that Rose did not seek judicial review of the Commissioner's decision; she filed this suit before she exhausted her administrative remedies. *See id.* § 21.307 (requiring that an aggrieved party perfect an appeal of the Commissioner's decision within 30 days and requiring that the Commissioner be made a party to the appeal).

### *Exceptions to the Administrative Exhaustion Requirement*

Under certain limited circumstances, the administrative exhaustion requirement does not apply and, consequently, an aggrieved party may seek relief in the courts without overcoming that hurdle. For example, if the issues presented involve a pure question of law, such as when the uncontroverted facts show that the board lacked authority to take the action that caused the harm, the party may appeal directly to the courts. *Westheimer Indep. Sch. Dist. v. Brockett*, 567 S.W.2d 780, 785–86 (Tex. 1978); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 774 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Similarly, an exception also exists if the party "has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy." *Taylor v. U.S. Treas.*

8

*Dep't*, 127 F.3d 470, (5th Cir. 1997), *quoted in Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 606 (5th Cir. 2007).

An aggrieved party is also entitled to bypass the administrative process if she can show that it is certain that the claim will be denied on appeal. *See Dawson Farms, LLC*, 504 F.3d at 606 (recognizing futility exception to exhaustion of administrative remedies); *see also McKart v. United States*, 395 U.S. 185, 193–94, 198 n.16, 89 S. Ct. 1657, 1662–63, 1665 & n.16 (1969) (observing that plaintiff is not excused from exhausting administrative remedies simply because their pursuit would have little chance of ultimate success). We consider whether Rose met her burden to show that her claim falls within one of these exceptions.

### *Constitutional claim exception*

Rose contends that she was not required to exhaust her administrative remedies because her declaratory relief claim is grounded in the constitution. An exception to the exhaustion of administrative remedies exists for some constitutional claims. *See Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 474 (Tex. App.—Texarkana 2001, no pet.). But, when a school employee's constitutional claims are only "ancillary to and supportive of a complaint about the board's handling of an employment contract or application of school law," the employee must first exhaust the administrative process. *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161 S.W.3d 289, 292–93 (Tex. App.—Dallas 2005, no pet.)

(citing *Jones*, 46 S.W.3d at 474). Further, this exception is unavailable if the subject matter underlying the employee's claims requires resolution of disputed facts. *See Carrillo v. Anthony Indep. Sch. Dist.*, 921 S.W.2d 800, 804 (Tex. App.—El Paso 1996, no writ).

Rose contends that her declaratory relief claim comes within the constitutional claim exception because she asserts violations of the Texas Constitution, not the Education Code, and that the Commissioner's jurisdiction extends only to "the school laws of this state." *See* TEX. EDUC. CODE ANN. § 7.057(a). We disagree. An employee's complaint of retaliatory discharge "is precisely the kind of complaint that must first be presented in an administrative hearing." *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 682 (Tex. App.—Tyler 1996, no writ) (citing *Barrientos v. Ysleta Indep. Sch. Dist.*, 881 S.W.2d 159, 161 (Tex. App.—El Paso 1994, no writ)). The school laws presumably comply with the state and federal constitutions. *See* TEX. GOV'T CODE ANN. § 311.021(1) (West 2013) ("In enacting a statute, it is presumed that . . . compliance with the constitution of this state and the United States is intended"). The Commissioner is thus authorized to consider the constitutionality of the district's non-renewal decision in determining whether its action complied with the state school laws.

Rose cannot excise her request for declaratory relief separately from her employment-related claims. A determination of the constitutionality of the district's actions with respect to Rose necessarily implicates the validity of the district's actions affecting Rose's employment status and, because that determination requires the resolution of disputed fact issues, Rose has not shown that the exception for constitutional violations applies to her claim.

Rose further contends that HISD is judicially estopped from asserting that the constitutional claim exception does not apply to her claim because HISD's pleadings and briefing in the trial court recognized the general existence of the constitutional claim exception. Putting aside the merits of this contention, the Texas Supreme Court has declared that, "[a]s a general rule, a court cannot acquire subject-matter jurisdiction by estoppel." *Wilmer-Hutchins Indep. Sch. Dist v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001); *Janik*, 961 S.W.2d at 324. Estoppel thus cannot affect whether the trial court has subject-matter jurisdiction over Rose's declaratory judgment claim.

### Futility

Lastly, Rose claims that administrative exhaustion in her case would be futile, because "the Board . . . prevented Rose from challenging the substantive motive of her termination, thereby depriving her of her protected interests without procedural safeguards." The appellate record, however, contains no evidence

11

showing that the Board failed to fully consider the allegations set forth in Rose's grievance before rendering its decision, or that it acted with procedural limitations or irregularities that precluded consideration of those allegations on appeal to the Commission. Rose has not met her burden to show that the futility exception to the administrative exhaustion requirement applies to her claim.

## Conclusion

We hold that the administrative exhaustion requirement applies to Rose's claim for declaratory relief, and that Rose has not met her burden to show that an exception to the administrative exhaustion requirement applies to her claim. We therefore reverse the judgment denying HISD's plea to the jurisdiction on Rose's claim for declaratory relief and remand with an instruction to the trial court to dismiss that claim for want of jurisdiction.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.