

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00192-CV
_____

DANA BLACK, APPELLANT

V.

MICHAEL WILLIAMS, COMMISSIONER OF EDUCATION, AND HART
INDEPENDENT SCHOOL DISTRICT, APPELLEES

On Appeal from the 242nd District Court
Castro County, Texas
Trial Court No. B9531-1210; Honorable Ed Self, Presiding

October 23, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Dana Black, appeals a judgment in favor of Appellees, Michael Williams, Commissioner of Education, and Hart Independent School District (collectively HISD),[1] in Black's action to overturn HISD's nonrenewal of her term teaching contract.

---

[1] An *amicus curiae* brief was received by this Court from the Texas Association of School Boards' Legal Assistance Fund in support of HISD pursuant to Rule 11 of the Texas Rules of Appellate Procedure.

By two issues, Black contends the trial court erred by (1) failing to find that HISD's notice of nonrenewal was based on an "illegal reason" and (2) finding that Black did not exhaust her administrative remedies before seeking judicial review. Because we agree with HISD that Black failed to exhaust her administrative remedies, we affirm the trial court's judgment.

BACKGROUND

Black was employed by HISD as a coach/educator pursuant to a term contract. On March 27, 2012, Black received notice that her employment contract would not be renewed for the succeeding school year. The notice listed thirteen bullet points in support of her nonrenewal.[2] At Black's request, a nonrenewal hearing was scheduled before the Board of Trustees.

By letter dated May 7, 2012, HISD's attorney specifically informed Black's attorney of her actions leading to the recommendation, directives she failed to comply with, policies she failed to satisfy and ethical codes and state laws she had allegedly violated. In his letter, HISD's attorney explained that her alleged misconduct encompassed (1) improper physical contact and disrespecting students for which she

---

[2] The bullet points were (1) deficiencies pointed out in observation reports, appraisals or evaluations, supplemental memoranda or other communications, (2) failure to fulfill duties or responsibilities, (3) incompetency or inefficiency in the performance of duties, (4) inability to maintain discipline in any situation in which the employee is responsible for the oversight and supervision of students, (5) insubordination, (6) failure to follow official directives, (7) failure to comply with Board Policies or administrative regulations, (8) failure to meet the District's standards of professional conduct, (9) any activity, school-connected or otherwise, that, because of publicity given it, or knowledge of it among students, faculty, and community, impairs or diminishes the employee's effectiveness in the District, (10) failure to maintain an effective working relationship, or maintain good rapport, with parents, the community, or colleagues, (11) behavior that presents a danger of physical harm to a student or to other individuals, (12) assault on a person on school property or at a school-related function, or on an employee, student, or student's parent regardless of time or place and/or (13) misrepresentation of facts to a supervisor or other District official in the conduct of District business.

received a reprimand on September 23, 2011, (2) similar improper conduct on February 7, 2012, (3) being untruthful with her supervisors during a subsequent investigation of her conduct and (4) smoking on school property.

At the May 17 hearing, HISD presented witnesses and evidence in support of Black's nonrenewal. Alex Salazar, HISD Superintendent, specifically explained the allegations and incidents underlying each of the thirteen bullet points in his recommendation for nonrenewal. Black testified in response to HISD's evidence. At the hearing's conclusion, the Board voted to not renew her contract based on HISD's evidence underlying the thirteen bullet points in the notice letter and, by letter dated May 23, formally notified Black of its decision to not renew her contract.

On June 1, Black filed her *Petition for Review* with the Commissioner of Education appealing HISD's decision to not renew her contract for an illegal reason, i.e., "[p]etitioner's use of physical force with her students, which she testified she reasonably believed was the amount of force necessary to get the students to absorb the lesson she was teaching them that day." In his decision, the Commissioner determined Black failed to contest the Board's findings regarding smoking and being untruthful to her supervisors in her *Petition for Review* and, as such, waived her right to contest these bases for nonrenewal. As a result, he reasoned her failure to exhaust her administrative remedies alone was sufficient to uphold HISD's decision. Alternatively, however, he went on to find substantial evidence supported all the bases for nonrenewal stated in HISD's notice letter. The Commissioner then dismissed and, alternatively, denied her appeal.

Black subsequently filed her *Original Petition* in state district court asserting "[t]he Commissioner erred in dismissing [her] appeal for failure to exhaust her administrative remedies, because appealing [HISD's] decision for using an illegal reason exhausted her administrative remedies." After considering the administrative record, the parties' briefs and counsels' arguments, the district court affirmed the Commissioner's decision. This appeal followed.

JURISDICTIONAL QUESTION

HISD's jurisdictional question must be addressed prior to proceeding on the merits of Black's appeal. HISD contends that, because Black failed to address two of the three reasons why her contract was not renewed in her appeal of the Board's decision to the Commissioner of Education, i.e., being untruthful with her supervisors and smoking on school property, she failed to exhaust her administrative remedies and the trial court was without jurisdiction in this case.

By the Term Contract Renewal Act, the Legislature created an administrative procedure by which a school teacher employed under a term contract may seek judicial review of a district's decision not to renew a contract. *See* TEX. EDUC. CODE ANN. §§ 21.201-.307 (West 2012). Because a district's decision whether to renew an employee's term contract concerns the administration of school laws and involves questions of fact, an aggrieved party must follow the administrative procedures prescribed by the Act before filing suit in district court. *Ysleta Indep. Sch. Dist. v. Griego*, 170 S.W.3d 792, 795-96 (Tex. App.—El Paso 2005, pet. denied) (citing *Mission Indep. Sch. Dist. v. Diserens*, 144 Tex. 107, 188 S.W.2d 570 (Tex. 1945)). This

4

procedure includes appealing to the commissioner for review of a board's nonrenewal decision. *See* TEX. EDUC. CODE ANN. § 21.209 (West 2012). *See also Guerra v. Santa Rosa Indep. Sch. Dist.*, 241 S.W.3d 594, 599-600 (Tex. App.—Corpus Christi 2007, pet. denied).

Here, the Board's decision to not renew was based on at least three independent grounds, i.e., improper physical contact with students, being untruthful with supervisors and smoking on school property. Yet, Black only asserted one ground in her petition to the Commissioner—improper physical contact. Accordingly, Black failed to exhaust the administrative remedies available to her before filing suit in court and neither this Court nor the court below has jurisdiction of her claims. *See Barrientos v. Ysleta Indep. Sch. Dist.*, 881 S.W.2d 159, 161 (Tex. App.—El Paso 1994, no writ).

Black asserts her allegation that the Board unlawfully failed to renew her contract for having improper physical contact with students was sufficient in itself to exhaust her administrative remedies even though there were other independent bases for nonrenewal. In support she cites section 21.209 of the Texas Education Code which states, in pertinent part, as follows:

> The commissioner may not substitute the commissioner's judgment for that of the board of trustees unless the board's decision was arbitrary, capricious, unlawful, or not supported by substantial evidence.

First, the word "or" in a statute does not automatically create a choice between mutually exclusive options but usually indicates alternatives and requires those alternatives be treated separately. *Heritage on the San Juan Gabriel Homeowner's Assoc. v. Tex. Comm'n on Environmental Quality,* 393 S.W.3d 417, 427 (Tex. App.—

Austin 2012, pet. denied). Second, the Commissioner's ruling implicitly supports this interpretation of the statute and is entitled to "serious consideration" because the construction is reasonable and does not contradict the plain language of the statute. *Matthews v. Scott*, 268 S.W.3d 162, 172 (Tex. App.—Corpus Christi 2008, no pet.). Third, Black's interpretation would permit multiple independent appeals on a single nonrenewal. This would lead to absurd, nonsensical results by requiring the commissioner, district courts and this Court to conduct proceedings and issue advisory opinions without any legal effect when there are independent bases to not renew a contract. *See, e.g., Valley Baptist Med. Ctr. v. Gonzalez,* 33 S.W.3d 821, 822 (Tex. 2000) (*per curiam)* ("Under Article II, section 1 of the Texas Constitution, courts have no jurisdiction to issue advisory opinions."). Accordingly, Black's interpretation will not stand and her second issue is overruled. Because we have found Black failed to exhaust the administrative remedies available to her before filing suit and that neither the lower court nor this Court has jurisdiction of her claims, it is unnecessary for us to address her first issue. *See* TEX. R. APP. P. 47.1.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

6