. **R.G.V. VENDING, Appellant,**

v.

**WESLACO INDEPENDENT SCHOOL DISTRICT, Benita Valadez, Servando Herrera, Humberto Cardenas, and Joe Marines, Appellees.**

No. 13–98–275–CV.

Court of Appeals of Texas, Corpus Christi.

June 24, 1999.

---

7. *Id.*

8. *Id.*

James W. George, Austin, for appellant.

Juan E. Gonzalez, Law Offices of Juan E. Gonzalez, Jacques Evan Trevino, Edinburg, for appellee.

Before Chief Justice SEERDEN and Justices YAÑEZ and CHAVEZ.

## OPINION

Opinion by Chief Justice ROBERT J. SEERDEN.

The Weslaco Independent School District ("WISD") requested proposals to fill a contract for installation and service of snack vending machines at its schools. RGV Vending ("RGV") submitted a bid. On September 8, 1997, the WISD Board of Trustees met. At that meeting, a trustee moved that the Board accept the bid of "CVS", another bidder for the contract. By a four to two vote, the Board accepted "CVS's" bid. RGV brought this action, claiming that the Board's action violated section 44.031(b) of the Texas Education Code. Particularly, RGV complains that the Board failed to consider the criteria listed in section 44.031(b); it believes that consideration of those criteria conclusively establishes that its bid was superior to the accepted bid.

On October 8, 1997, RGV formally notified WISD of its position that the Board disregarded section 44.031(b) in awarding the contract. The Board took no action on the claim, and RGV filed suit in the District Court of Hidalgo County. In its first amended original answer, WISD presented a plea to the jurisdiction, claiming that RGV had failed to exhaust its administrative remedies before bringing this action. On March 6, 1998, the court held a hearing on the plea to the jurisdiction. The court ruled, as a matter of law, that section 44.031(b) does not compel a school district to consider the listed criteria in making its decision to accept a bid. Thus, the court found that RGV's appropriate recourse was an appeal to the commissioner of education, not the district court. By its sole

issue on appeal, RGV challenges the trial court's decision to grant the plea to the jurisdiction.

Section 44.031 of the education code states that all school district contracts valued at $25,000 or more "shall be made by the method, of the following methods, that provides the best value to the district." TEX. EDUC.CODE § 44.031(a) (Vernon 1996). Included among these methods is a competitive bidding process. *Id.* The section also explains that:

> (b) In determining to whom to award a contract, the district *may* consider:
>
> (1) the purchase price;
>
> (2) the reputation of the vendor and of the vendor's goods or services;
>
> (3) the quality of the vendor's goods or services;
>
> (4) the extent to which the goods or services meet the district's needs;
>
> (5) the vendor's past relationship with the district;
>
> (6) the impact on the ability of the district to comply with laws and rules relating to historically underutilized businesses;
>
> (7) the total long-term cost to the district to acquire the vendor's goods or services; and
>
> (8) any other relevant factor that a private business would consider in selecting a vendor.

TEX. EDUC.CODE ANN. § 44.031(b) (emphasis added). RGV argues that while section 44.031(b) is stated in permissive terms, it is mandatory in requiring a school board to limit its decision to any of the criteria listed therein to avoid arbitrary awards.

RGV relies on other provisions of the education code to support its assertion. Section 44.032 of the education code provides punishment for acting to avoid compliance with the requirements of section 44.031(a) or (b). *See* TEX. EDUC.CODE ANN. §§ 44.032(b), (c), & (d) (Vernon 1996). Section 44.032(b) states:

> An officer, employee, or agent of a school district commits an offense if the person with criminal negligence makes or authorizes separate, sequential, or component purchases to avoid the requirements of Section 44.031(a) or (b). An offense under this subsection is a Class B misdemeanor....

TEX. EDUC.CODE ANN. § 44.032(b). Similarly, subsections (c) and (d) of section 44.032 criminalize non-compliance for knowing violations of section 44.031 and criminally negligent violations other than those encompassed by 44.032(b). Moreover, subsection (f) of section 44.032 permits a court to enjoin performance of a contract made in violation of section 44.031(a) or (b).

The trial court found that section 44.031(b) is permissive. Based on this finding, the court held that WISD had not acted in a manner contrary to an express statute. Accordingly, the court granted the plea to the jurisdiction, holding that RGV must exhaust its administrative remedies before resorting to the district court, pursuant to section 7.057 of the education code. *See Barrientos v. Ysleta Indep. Sch. Dist.*, 881 S.W.2d 159, 160 (Tex.App.—El Paso 1994, no writ).

■ There are three exceptions to the general rule that a party must exhaust its administrative remedies before pursuing relief in the courts: (1) where the allegations raise pure questions of law; (2) where the school board "acted without authority and contrary to express statutes;" and (3) where the party will suffer irreparable harm, and the agency is unable to provide relief. *Id.* at 160–161 (citing *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied)). The question of WISD's authority to act without regard to section 44.031(b) relates to the district's statutory authority to accept bids for contracts. We construe that statute and its accompanying provisions to mean that the criteria listed in section 44.031(b) are the only criteria that may be considered by the district in its decision to award the contract. The use of permissive language in the statute indicates that a school district has the discretion to apply one, some, or all of those criteria. The school district

may not, however, completely ignore the listed criteria. Subsection (b) would be meaningless if school districts had unfettered discretion to award contracts.

WISD's failure to comply with section 44.031(b) provides a basis for RGV to raise its complaints in a court without first exhausting its administrative remedies. Therefore, the trial court erred in granting WISD's plea to the jurisdiction. We REVERSE the judgment of the trial court and REMAND for further proceedings.