**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2013

No. 13-10028

Lyle W. Cayce
Clerk

DEVON ENTERPRISES, L.L.C., doing business as Alliance Bus Charters,

Plaintiff-Appellant

v.

ARLINGTON INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:11-CV-671

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Devon Enterprises, L.L.C. challenges the district court's grant of summary judgment for the Arlington, Texas Independent School District on its 11 U.S.C. § 525(a) and Tex. Educ. Code § 44.031(b) claims. Because there is a genuine issue of material fact whether the school district rejected the vendor's bid solely because of the vendor's bankruptcy, we REVERSE and REMAND for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10028

## I. BACKGROUND

Devon Enterprises, L.L.C., doing business as Alliance Bus Charters ("Alliance"), was an approved charter bus operator for the Arlington, Texas Independent School District ("AISD"). AISD became aware of several incidents in which Alliance put students' safety at risk, including: an injury accident; a bus fire; and the breakdown of a bus and substitute by Alliance of another company, unapproved by AISD, for the remainder of the trip. AISD also had trouble obtaining certificates of insurance from Alliance. Alliance filed a Chapter 11 bankruptcy petition in October 2010. AISD opened the bid for the 2010-2011 charter bus carrier contract shortly thereafter. During the bid review period, Alliance and AISD personnel discussed student safety concerns, culminating in an email from AISD Purchasing Director Betty Knox ("Knox") informing Alliance that it would not be recommended for a contract. This email stated: "[a]s per our discussion with you, the slightest risk to student safety is not negotiable" ("Knox Email"). In November 2010, AISD did not approve Alliance as a charter bus carrier for AISD for the 2010-2011 school year. In December 2010, Cindy Powell ("Powell"), the Associate Superintendent of Finance for AISD, sent an email to Jerry McCullough ("McCullough"), the Superintendent at the time, stating that Powell "confirmed with Betty Knox that [Alliance] was the company that [AISD] did not award a bid to for charter bus services because they are currently in bankruptcy" ("Powell Email"). In the summer of 2011, however, AISD approved Alliance as a carrier for the 2011-2012 school year and awarded Alliance the primary contract for large bus transport.

Alliance's complaint asserts that AISD impermissibly failed to approve Alliance as a listed carrier for the 2010-2011 school year, thus discriminating against Alliance solely because it had recently filed for bankruptcy in violation of 11 U.S.C. § 525(a) and Tex. Educ. Code § 44.031(b). The district court found the Powell Email to be "in the nature of a stray remark." No. 4:11-CV-671-A,

2

No. 13-10028

2012 WL 6200229, at *5 (N.D. Tex. Dec. 11, 2012).  The district court granted AISD's motion for summary judgment, dismissed all of Alliance's claims, and awarded costs to AISD.  *Id.*  Alliance timely appealed.

## II.  DISCUSSION

We review *de novo* a district court's grant of a motion for summary judgment.  *Equal Opportunity Comm'n v. WC&M Enters.*, 496 F.3d 393, 397-98 (5th Cir. 2007).  A party is entitled to summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Id.* (citing Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists when the evidence is such that, viewing the record as a whole, a rational trier of fact could return a verdict for the non-moving party.  *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 439 (5th Cir. 2011).  In reviewing a summary judgment motion, the court must "refrain from making credibility determinations or weighing the evidence" and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.  *WC&M Enters.*, 496 F.3d at 398.

Alliance's primary contention is that AISD violated Section 525(a) of the Bankruptcy Code when it rejected the company's bid because of its bankruptcy filing.  Alliance contends that the district court erred in concluding that AISD clearly established that its decision was based on other factors.  Section 525(a) of the Code states:

> [A] governmental unit may not . . . refuse to renew a license, permit, charter franchise, or other similar grant to, . . . discriminate with respect to such a grant against, . . . or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, . . . *solely* because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, . . .

3

No. 13-10028

11 U.S.C. § 525(a) (emphasis added). The plaintiff has the burden to prove a discriminatory purpose. In *In re Exquisito Services*, the court adopted a narrow reading of 11 U.S.C. § 525(a)'s use of the term "solely," explaining that the "prohibition does not extend so far as to prohibit examination of the factors surrounding the bankruptcy, the imposition of financial responsibility rules if they are not imposed only on former bankrupts, or the examination of prospective financial condition or managerial ability." 823 F.2d 151, 153-54 (5th Cir. 1987) (internal citations omitted). To defend against a summary judgment, the plaintiff must produce some evidence that a decision was made and that the filing of a bankruptcy was the sole reason for the decision. *Everett v. Lake Martin Area United Way*, 46 F. Supp. 2d 1233, 1237 (M.D. Ala. 1999).

As an initial matter, Alliance argues that the district court erred in classifying the Powell Email as a "stray remark" and excluding it from evidence. We agree. In the email, Powell "confirmed with Betty Knox that [Alliance] was the company that [AISD] did not award a bid to for charter bus services because they are currently in bankruptcy." The email was written by a person involved in the decisionmaking chain at a time reasonably near the decisive events. It is relevant evidence because, without further explanation, it makes AISD's alleged discrimination more or less likely and is of consequence in determining whether AISD denied Alliance's bid *solely* because of Alliance's bankruptcy. *See* Fed. R. Evid. 401. AISD provides no compelling reason why the Powell Email is not admissible.[1] *See id*. 402. Accordingly, the Powell Email is admissible.

---

[1] The district court adopted the stray-remark analysis we have often applied in Title VII discrimination cases. We have not applied this analysis in the context of Section 525 discrimination, and in fact, in *Russell v. McKinney*, we noted the limits of the stray-remark analysis outlined by *Brown v. CSC Logic, Inc.*, 82 F.3d 651 (5th Cir. 1996). *Russell*, 235 F.3d 219 (5th Cir. 2000). We need not determine whether this analysis may be extended to Section 525 discrimination cases, as the Powell Email is clearly relevant to AISD's decision.

Alliance and AISD present conflicting evidence of AISD's motivation for rejecting Alliance's bid. AISD presented evidence that Alliance had safety problems preceding the bid review period at issue, including a fire, an accident, and a break-down, as well as evidence that Alliance failed to provide AISD with required certificates of insurance. AISD also offered the Knox Email, which stated: "[a]s per our discussion with you, the slightest risk to student safety is not negotiable." On the other hand, the Powell Email suggests that AISD rejected Alliance's bid because the company filed for bankruptcy, and Alliance disputes the safety-related concerns expressed by AISD, particularly in light of the charter contract's renewal only a year later. In sum, Alliance has produced some, albeit weak, evidence that Alliance's bankruptcy filing was the sole reason for the decision. We do not pass on the credibility of the evidence; rather, we conclude only that a genuine issue of material fact exists to survive summary judgment. *See Dediol*, 655 F.3d at 439.

Finally, Alliance claims that AISD did not adhere to the guidelines for school district contracts under Tex. Educ. Code § 44.031(b). Section 44.031(b) provides several considerations for school districts when determining to whom to award a contract, and districts "ha[ve] the discretion to apply one, some, or all of those criteria." *R.G.V. Vending v. Weslaco Indep. Sch. Dist.*, 995 S.W.2d 897, 899 (Tex. App.–Corpus Christi 1999, no pet.). The district court may reconsider on remand whether Section 44.031(b) is implicated if the factfinder determines that AISD rejected Alliance's bid solely because of Alliance's bankruptcy filing.

## III. CONCLUSION

For the reasons discussed above, we **REVERSE** and **REMAND** for proceedings in accordance herewith.